(CONSTITUTIONAL LAW.)

## M'CLUNY v. SILLIMAN.

This court has not jurisdiction to issue a writ of mandamus to the register of a land-office of the United States, commanding him to enter the application of a party for certain tracts of land, according to the 7th section of the act of the 10th May, 1800, " providing for the sale of the lands of the United States northwest of the Ohio, and above the mouth of Kentucky river;" which mandamus had been refused by the supreme court of the state of Ohio, upon a submission by the register to the jurisdiction of that court, being the highest court of law or equity in that state.

Mr. *Harper* moved for a *mandamus* in this cause, March 13th. to the defendant, as register of the land-office of the United States, at Zanesville, in the state of Ohio, commanding him to enter the application of the plaintiff, for certain tracts of land according to the provisions of the 9th section of the act of Congress, of the 10th May, 1800, entitled, "An act providing for the sale of the lands of the United States, in the territory of the United States, northwest of the Ohio, and above the mouth of Kentucky river." A rule to show cause had been obtained in the supreme court of the state of Ohio, (being the highest court of law or equity of that state;) whereupon the defendant appeared, and excepted to the jurisdiction of the court : but this plea was afterwards waived, and a case agreed between the parties, on which the court ordered the rule to be discharged. Mr. *Harper* now moved for a *mandamus* to issue from this

court, upon the ground that the case was within the appellate jurisdiction of the court under the equity of the judiciary act of 1789; that, although the court had determined that it had no *original* jurisdiction to issue writs of mandamus to *persons holding office* under the authority of the United States, yet it might have an *appellate* jurisdiction to issue a mandamus to such persons, where it had been refused by the highest court of law or equity of a state, in a case drawing in question the validity of a statute of, or an authority exercised under, the United States.

The motion was denied by the court.

Motion denied.[a]

a In the case of Marbury v. Madison, 1 *Cranch*, 137., the court determined, that having, by the constitution, only an appellate jurisdiction, (except in cases of ambassadors, &c.;) and it being an essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause : That, although a mandamus may be directed to *courts*, yet to issue such a writ to an officer for the delivery of a paper, was, in effect, the same as to sustain an original action for that paper, and, therefore, seemed not to belong to appellate, but to original jurisdiction; and that, consequently, the authority given to this court by the 13th section of the judiciary act of 1789, to issue writs of mandamus to " persons holding office under the authority of the United States," was not warranted by the constitution.   In M'Intire v. Wood, 7 *Cranch*, 504., it was decided, that the power of the circuit courts to issue writs of mandamus, is confined by the judiciary act of 1789, exclusively, to those cases in which it may be necessary to the exercise of their jurisdiction.   That case was brought up from the circuit court of Ohio, upon a certificate, that the judges of that court were divided in opinion upon the question whether that court had the power to issue a writ of mandamus to the register of a land-office in Ohio, commanding him to issue a final certificate of purchase, to the

plaintiff, of certain lands in that state? In delivering the opinion of the court, Mr. Justice JOHNSON stated that, "Had the 11th section of the judiciary act covered the whole ground of the constitution, there would be much reason for exercising this power in many cases, wherein some ministerial act is necessary to the completion of an individual right, arising under the laws of the United States, and the 14th section of the same act would sanction the issuing of the writ for such a purpose. But, although the judicial power of the United States extends to cases arising under the laws of the United States, the legislature has not thought proper to delegate the exercise of that power to its circuit courts, except in certain specified cases. When questions arise under those laws in the state courts, and the party who claims a right or privilege under them is unsuccessful, an appeal is given to the supreme court, and this provision the legislature has thought sufficient, at present, for all the political purposes intended to be answered by the clause of the constitution which relates to this subject." The power of the supreme court to issue writs of mandamus to the other courts of the United States, has been frequently exercised. The United States v. Peters, 5 *Cranch*, 115, Livingston v. Dorgenois, 7 *Cranch*, 577. But in the case of Hunter v. Martin's lessee, *ante*, vol. I, p. 304., the court, in pronouncing its opinion upon its appellate jurisdiction in causes brought from the highest court of law or equity of a state, deemed it unnecessary to give any opinion on the question, whether this court has authority to enforce its own judgments on appeal, by issuing a writ of mandamus to the state court, as the question was not thought necessarily involved in the decision of that cause. *Ib.* 362.