THE PEOPLE, &c., on the relation of K. M. McNEILL v. JOHN A. GREEN.

Under Art. VII, sec. 2, of the Constitution, the County Commissioners have the power to summons a sheriff to justify or renew his official bond, whenever in fact, or in their opinion, the sureties have become, or are liable to become insolvent. And it is not only the right, but the duty of the Commissioners, to declare the office of sheriff vacant, and appoint some one for the unexpired term, whenever the incumbent thereof is found to be on a re-election, in arrears in his settlement of the public taxes; or when he takes no notice whatever of a summons by the Commissioners to appear before them on a day certain and justify or renew his official bond.

The Act, Bat. Rev., chap. 27, sec. 5, does not prevent the County Commissioners from the transaction of business, upon due notice to all concerned, at other times than the days prescribed for their regular meetings. The Act is directory; and also intended to prohibit the Commissioners from receiving compensation for their attendance, except on the appointed days for their regular meetings.

This was a CIVIL ACTION, in the nature of a *quo warranto,* tried before his Honor, Judge BUXTON, at the Spring Term, 1876, of the Superior Court of HARNETT County.

When the case was called for trial in the court below, it was agreed by both plaintiff and defendant, to waive a trial by jury, and that his Honor should try and determine all questions and issues, both of law and fact.

His Honor found the facts of the case to be in accordance with the statements contained in the minutes of the board of County Commissioners, the admissions contained in the pleadings, and the admissions of the parties during the progress of the cause, for the purpose of the trial only ; all of which facts, so far as they are pertinent to the points decided in this Court as sufficiently set out in the opinion of Justice RODMAN.

As to the law, his Honor was of opinion, (1,) that the relator, K. M. McNeill, had no right to qualify as sheriff for a

second term, upon his re-election in 1874, because he was at that time, and has been ever since, debtor to the County in a large sum, to-wit, $7,600.14, on account of public taxes on the tax list of 1874, which had been placed in his hands.

(2.) That the County Commissioners of Harnett County had no right to permit him to qualify, and in doing so committed a grave error, which it was their duty to correct at the earliest moment.

(3.) That upon the relator's failing to appear on the 7th June, 1875, according to notice, and failing to justify his official bond, which was insolvent,—coupled with the fact that he was then still in arrears for taxes upon the tax list of 1874, it was the right and the duty of the County Commissioners, as trustees and guardians of the finances and public interests of the County, to declare the office vacant, and to appoint some one for the unexpired term.

(4.) That the defendant, John A. Green, was duly appointed for the unexpired term, and is entitled thereto.

In accordance with this opinion, his Honor gave judgment in favor of the defendant, from which judgment the relator appealed.

*Neill McKay* and *Hinsdale*, for appellant.
*Sutton, McLean* and *McNeill*, contra.

RODMAN, J.   This is an action in the nature of *quo warranto* to try the titles of the defendant and of the relator to the office of sheriff of Harnett County.

The relator was duly elected sheriff in August, 1872, gave bonds which were accepted, and he was duly inducted into office. He duly renewed his bonds in September, 1873. He was again elected in August, 1874, and on the first Monday of September of that year gave the usual bonds, which were accepted by the County Commissioners, and he qualified as sheriff in due form.

The defendant offered in evidence a report of the Committee of Finance of the County to the County Commissioners, which showed that on the 4th February, 1875, the relator was indebted to the County for taxes of 1874 to a large amount, which, or some part of which, remained unpaid at the commencement of the action. This was objected to, but admitted by the Court.

We are unable to see how this evidence was material. The County Commissioners do not profess to have acted on it in declaring the office of sheriff vacant. It is not stated that when the relator was qualified, and inducted as sheriff in September, 1874, he did not then produce the receipts of the proper officers for the taxes payable by him up to that date, as required by sec. 3 of chap. 106, of Bat. Rev. That he did not was probably intended to be inferred from the evidence. Considering it immaterial, it would, for that reason alone, have been incompetent to go to a jury. But as the decision of the present case turns on admitted facts, that evidence may be disregarded as not affecting the case.

We may also disregard the proceedings of the County Commissioners against the relator before the 17th May, 1875. On that day the Board ordered him to be notified to appear before them on the first Monday in June next to renew or justify his official bonds. The notice was served, and on his failing to appear, the Board, on the 7th June, declared his office vacant, and on the 5th July elected the defendant, who, on the 17th July, gave bonds which were accepted, and he duly qualified. It is admitted that the official bonds of the relator given on the first Monday, (7th) of September, 1874, had become insolvent on the 7th June, when the Board declared the office vacant as aforesaid, and that is the only reason assigned by the Board for their action.

The question here presented is this: Have the Board of County Commissioners the power to summon a sheriff to

justify or renew his official bonds, whenever in fact, or in their opinion, the sureties have become, or are likely to become, insolvent? We were cited on this question to secs. 9, 10, 11, of chap. 106, Bat. Rev. Sec. 9 says, it shall be the duty of the Commissioners of every County in the State to make *immediate* examination of the bonds of sheriffs, &c. " Immediate " means next after some event, or some point of time, and occurring where it does, it makes the section insensible. By referring, however, to the Act of 1868–'9, chap. 245, from which those sections in the Revisal are taken, it will seem from the two last sections (which are omitted in the Revisal) that the word " immediate " had a sensible meaning, and that the Act was temporary, and should not have been inserted among the permanent Acts There is no Act directly giving the power. If it exists, it must be implied from the Constitution, Article VII, sec. 2, by which the duty is imposed on the County Commissioners to exercise a general supervision and control over " levying of taxes and finances of the County, as may be prescribed by law." We concur with the Judge of the Superior Court that it may be implied from this section.

The general rule is well known that where a duty is imposed, all the powers are implied which are necessary and proper for performing the duty. The duty of the Commissioners in respect to the taxes and finances is a continuing one, and is not performed by the single act of passing on the Sheriff's bonds annually. There is a continuing supervision and control.

This view is strengthened by Bat. Rev., chap. 27, sec. 8, sub-secs. 32–33, which empowers the Commissioners to require from each County officer a report under oath at any time on any matter connected with his duties, and to compel the attendance of such persons before them for examination. Why examine and ascertain that an officer is in

default, or that his sureties have become insolvent, if there be no power to remedy, or at least to arrest the mischief?

Taking this conclusion as established, there is no necessity for considering the duty of the Commissioners when the relator in September, 1875, tendered to them bonds conditioned for the performance of his duty as Sheriff in executing process, &c., but refused to tender bonds to secure the State and County taxes. As they had therefore lawfully declared the office vacant, and filled it by appointing the defendant, they could not then remove him without default on his part, and restore the relator. There is no necessity to consider whether the County Commissioners could separate the duty of collecting the taxes from the other duties of the Sheriff.

It remains only to notice an objection made by the relator to the action of the Commissioners in removing him from office, in that it was done at a time when they had no right to meet. We are of opinion that the Act cited, Bat. Rev., chap. 27, sec. 5, is directory, and also intended to forbid the Commissioners from receiving compensation for attendance on other days. It did not, however, disable the Commissioners from acting at other times on due notice to all concerned.

There is no error.

PER CURIAM.                      Judgment affirmed.