# UNITED STATES *v.* LARKIN, INTERVENOR AND CLAIMANT.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 356.   Argued January 7, 8, 1908.—Decided February 24, 1908.

Where the Circuit Court of Appeals has already affirmed the judgment of the District or Circuit Court, a writ of error from this court to the District or Circuit Court to review the judgment on the jurisdictional ground cannot be maintained unless the proceedings in the Circuit Court of Appeals were absolutely void.

Ordinarily a formal certificate is essential and it must be made at the same term at which the judgment is rendered; but where the record shows that the only matter tried and decided, and sought to be reviewed, was one of the jurisdiction of the court, the question of jurisdiction is sufficiently certified.

District Courts of the United States are the proper courts to adjudicate forfeitures; and where the plea to the jurisdiction is simply whether the particular court has jurisdiction, by reason of the locality in which the goods were seized, the question involved is not the jurisdiction of the United States court as such, and the question cannot be certified to this court under § 5 of the Judiciary Act of 1891; but the case is appealable to the Circuit Court of Appeals.

When the question of the jurisdiction of the District or Circuit Court as a court of the United States is in issue, and is certified to this court under § 5 of the Judiciary Act of 1891, no other question can be considered and the jurisdiction of this court is exclusive; as to the other classes of cases enumerated in § 5 the act of 1891 does not contemplate separate appeals or writs of error on the merits in the same case and at the same time to two appellate courts.

THIS was an informtion filed on behalf of the United States, June 8, 1905, in the District Court for the Northern District of Ohio, for the forfeiture of certain jewels which, it was set forth, had been fraudulently imported into the United States without the payment of duty, and that, upon May 19, 1905, the jewels so smuggled had been seized by Charles F. Leach, collector of the District of Ohio, within the said district.

July 5, 1905, Adrian H. Larkin, being interested as a claim-

ant, came in and, entering his appearance specially, filed his plea therein to the jurisdiction of the court below to adjudicate the forfeiture of said jewels. To this plea a demurrer was filed, which, upon argument, was overruled. A reply to the plea was then filed, and to this reply Larkin demurred, and the demurrer was sustained. The Government, declining to amend its reply or plead further, the court, May 22, 1906, sustained the plea and dismissed the information.

The district judge expressed the opinion that "considering the circumstances under which the collector of customs obtained possession of the articles of jewelry which are the subject of this action, as shown by the statement of facts, and especially by the receipt which the collector gave for them, it is quite apparent that no seizure of them could be made in this district."

The United States prayed an appeal to the United States Circuit Court of Appeals for the Sixth Circuit, which was allowed, and the appeal was duly prosecuted. April 5, 1907, a judgment was entered by that court affirming the decision of the United States District Court, and an opinion was filed, which is reported in 153 Fed. Rep. 113. The mandate from the Circuit Court of Appeals and the opinion of that court were filed below May 7, 1907.

On the same day Larkin applied to the District Court for an order for the delivery of the property to him. Before this was acted on the United States, May 21, 1907, petitioned that court for a writ of error from the Supreme Court of the United States, which was allowed notwithstanding the proceedings and judgment in the Circuit Court of Appeals, and the court certified "that the judgment and decree herein was based solely on the ground that the District Court of the United States for the Northern District of Ohio, on the facts as they appear by the record, had no jurisdiction in the premises."

It appeared from the pleadings that the articles against which this proceeding in forfeiture was begun were illegally imported through the port of New York, and were subse-

quently found in the State of New York and in the possession of Larkin as bailee. They had been pledged to one Friend, and he, learning that a claim had been made that the articles had been illegally and surreptitiously imported through the port of New York, visited the Secretary of the Treasury and disclosed his possession of the same and his rights, and agreed with the Secretary that the same should be kept in the city of New York, open to the inspection and examination of any official of the department. Friend, not being himself a resident of New York, placed them in the custody of Larkin as bailee and attorney, with authority to conduct any transactions with the Treasury Department growing out of the claim that they had been fraudulently imported.

At the request of the department, Mr. Leach, collector of customs at Cleveland, went to New York for the purpose of examining the articles and determining by inspection whether they had been illegally imported and whether they were subject to seizure and forfeiture. He applied to Larkin to be allowed an inspection and this was permitted.

The plea then stated that Leach informed said Larkin that certain of said jewelry had not been wrongfully imported and that he did not care to make further examination thereof, but that certain of said pieces he was in doubt about and would like to exhibit them to a person located in New York City, who was expert in such matters, for his opinion, and asked permission to take the jewelry away from Larkin's office for that purpose, he agreeing to return the same to Larkin at his office, in New York City, on the afternoon of that day. Thereupon Larkin, relying upon the promise and agreement of Leach, delivered the property into his possession and custody, receiving from Leach a receipt therefor in writing, which read: "New York, March 14, 1905. Received of A. H. Larkin, attorney for J. W. Friend, the following pieces of jewelry, for examination and identification:" (Then followed list of jewelry.) The receipt was signed "Chas. F. Leach, Collector of Customs."

The plea then averred that Leach, in violation of his agree-

ment, carried the articles to Cleveland. That from there he returned certain articles to Larkin as not subject to seizure, and assumed to seize the remainder at Cleveland, and then caused this proceeding in forfeiture to be instituted in the District Court for the Northern District of Ohio. After demurrer to the plea had been overruled the district attorney replied, but in the view taken of the case it is unnecessary to restate the contents of that reply. The district judge said: "An examination of the reply discloses practically the same question as that which was heretofore presented on the demurrer to the plea." The Circuit Court of Appeals held the reply to be evasive and not to deny the substantial averments of the plea, and said: "We quite agree with the court below that under the circumstances of this case, these jewels were not subject to seizure in Cleveland, but should have been seized in the District of New York. The articles were found in the latter district, and should have been seized there."

*Mr. Assistant Attorney General Sanford*, with whom *The Solicitor General* was on the brief, for plaintiff in error:

Upon the record in this case it is not essential to a review of the jurisdictional question by this court that the court below should have certified the question of jurisdiction at the term at which the judgment was rendered.

Where the judgment and record below, upon its face, makes it clearly apparent that the only question tried and decided below and brought to this court for review, is one of jurisdiction, no certificate is necessary, and in such case the writ of error or appeal may be prosecuted at any time within two years from the date of final judgment. *Excelsior Company* v. *Bridge Company*, 185 U. S. 285; *Petri* v. *Lumber Company*, 199 U. S. 487. *Colvin* v. *Jacksonville*, 158 U. S. 456, distinguished.

The jurisdiction of the court below was in issue within the meaning of § 5 of the Judiciary Act of March 3, 1891.

The District Court sustained the demurrer to the reply to the plea to the jurisdiction and dismissed the suit on the spe-

cific ground that no lawful seizure had been made in the northern district of Ohio. In an action *in rem* brought to enforce the forfeiture of merchandise seized upon the land, it is essential that it shall have been seized within the district in which the proceedings are brought, irrespective of the place in which the cause of forfeiture arose, and that unless seized within the district the court has no jurisdiction of the action. *Keene* v. *United States,* 5 Cranch, 303; *The Brig Ann,* 9 Cranch, 288; *The Abby,* 1 Mason, 360; *S. C.,* Fed. Cas. 14; *The Little Ann,* 1 Paine, 40; *S. C.,* Fed. Cas. 8,397; *The Octavia,* 1 Gall. 488; *S. C.,* Fed. Cas. 10,422; *The Washington,* 4 Blatchf. 101; *S. C.,* Fed. Cas. 17,221.

This rule is analogous to the well settled rule that in actions *in personam,* the question whether the court acquired jurisdiction of the defendant by proper service of process is one involving the jurisdiction of the court within the meaning of section 5 of the Judiciary Act of 1891. *Shepard* v. *Adams,* 168 U. S. 618; *Remington* v. *Railroad Company,* 198 U. S. 95; *Board of Trade* v. *Hammond Elevator Co.,* 198 U. S. 424.

The present writ of error is not affected by the former appeal to the Circuit Court of Appeals.

Where the jurisdiction of the court below was the sole question in issue, and this issue was decided in favor of the defendant, thus disposing of the entire case, the plaintiff's appeal or writ of error must be taken under § 5 of the act of March 3, 1891, directly to this court, and if taken to the Circuit Court of Appeals the proceedings in that court are a nullity. *United States* v. *Jahn,* 155 U. S. 109; *Excelsior Company* v. *Bridge Company,* 109 Fed. Rep. 497; *S. C.,* 185 U. S. 282; *Petri* v. *Lumber Company,* 127 Fed. Rep. 1021; *S. C.,* 199 U. S. 487; *Union and Planters' Bank* v. *Memphis,* 189 U. S. 71; *In re Aspinwall,* 90 Fed. Rep. 675.

Mr. *H. H. McKeehan* for defendant in error. Mr. *A. C. Dustin* was on the brief.

MR. CHIEF JUSTICE FULLER, after making the foregoing state-
ment, delivered the opinion of the court.

The question is presented at the threshold of the case as to
whether or not the proceedings in the Circuit Court of Appeals
for the Sixth Circuit and the judgment therein rendered were
absolutely void for want of jurisdiction. If they were not,
this writ of error cannot be maintained, as judgments of the
Circuit Courts of Appeals cannot be reviewed in this way.

Plaintiffs in error grounded their application as coming
within the first of the classes of cases enumerated in § 5 of the
Judiciary Act of 1891, c. 517, 26 Stat. 826, 827, in which ap-
peals or writs of error may be taken directly to this court, and
which reads: "in any case in which the jurisdiction of the court
is in issue; in such cases the question of jurisdiction alone shall
be certified to the Supreme Court from the court below for
decision."

The word "jurisdiction," as used in that paragraph, is, as
Judge Taft said, in *United States* v. *Swan*, 65 Fed. Rep. 647,
649, applicable to "initial questions of the jurisdiction of a
United States District or Circuit Court, whether in law or equity,
over the subject matter and parties, and not to questions
whether a court of equity or of law is the proper forum for the
working out of rights properly within the particular Federal
jurisdiction for adjudication;" and it has long been settled
that it is the jurisdiction of the United States courts as such
which is referred to. *Louisville Trust Co.* v. *Knott*, 191 U. S.
225; *Blythe* v. *Hinckley*, 173 U. S. 501; *Mexican Central Rail-
road Company* v. *Eckman*, 187 U. S. 429, 432.

Ordinarily a formal certificate is essential, and it must be
made at the same term as that at which the judgment is
rendered. *Maynard* v. *Hecht*, 151 U. S. 324; *Colvin* v. *Jackson-
ville*, 158 U. S. 456. But where the record shows that the only
matter tried and decided in the Circuit Court was one of juris-
diction, and the petition upon which the writ of error was
allowed asked only for a review of the judgment that the court

had no jurisdiction of the action, the question of jurisdiction alone is sufficiently certified. *Shields* v. *Coleman,* 157 U. S. 168; *Interior Construction & Improvement Company* v. *Gibney,* 160 U. S. 217; *Smithers* v. *Smith,* 204 U. S. 632; *Petri* v. *Creelman Lumber Company* 199 U. S. 487; *Wetmore* v. *Rymer,* 169 U. S. 115. The formal certificate in this case was not made at the term at which judgment was rendered, and came too late; but the judgment itself was rendered upon the holding that there was no lawful seizure in the Cleveland district, and there must be such a seizure in order to sustain the jurisdiction of that particular District Court. Rev. Stat. § 734. Doubtless this was no case for a certificate, and the judgment itself proceeded on the ruling as to the existence of seizure at Cleveland. District Courts are the proper courts of the United States to adjudicate forfeiture, and the question involved was not the jurisdiction of the United States courts as such, but whether this District Court had jurisdiction or the District Court for the Southern District of New York.

It was not, and could not be, contended that some District Court of the United States was not the proper court to adjudicate on the question of forfeiture, but to make a case within the jurisdiction of a particular District Court there must be a lawful seizure within that district. The District Court held here that there was no seizure in the Cleveland district and dismissed the information for that reason. That question was submitted on error to the Circuit Court of Appeals for the Sixth Circuit, and the judgment of the District Court was affirmed. The question, therefore, of the right of the collector to seize these particular goods in Cleveland has been finally determined, and no reason is perceived for holding that the Circuit Court of Appeals did not have jurisdiction to render its judgment. Whether that judgment was correct or not is therefore not open to consideration on this writ.

Where the question of the jurisdiction of the Circuit or District Court of the United States as a court of the United States is in issue, and is certified to this court under § 5 of the act of

1891, whereby no other question can be considered, our jurisdiction is exclusive, *American Sugar Refining Company* v. *New Orleans*, 181 U. S. 277, but this is not necessarily so as to the other classes of cases enumerated in that section. And as to these classes it has been repeatedly held that the act of 1891 did not contemplate several separate appeals or writs of error on the merits in the same case and at the same time to two appellate courts. *McLish* v. *Roff*, 141 U. S. 661; *Robinson* v. *Caldwell*, 165 U. S. 359; *Columbus Construction Company* v. *Crane Company*, 174 U. S. 600; *Cincinnati, Hamilton & Dayton Railroad Company* v. *Thiebaud*, 177 U. S. 615; *Loeb* v. *Columbia Township Trustees*, 179 U. S. 472.

Inasmuch as in our opinion the controversy here did not involve the jurisdiction of the District Court as a Federal court, the case was appealable to the Circuit Court of Appeals, and the writ of error from this court directly cannot be maintained.

*Writ of error dismissed.*