## In re GARROSI et al.

(Circuit Court of Appeals, First Circuit. January 27, 1916.)

### No. 1160.

1. CERTIORARI ☞5—MANDAMUS ☞4—PROHIBITION ☞3—LACK OF OTHER REMEDY.

Where a proceeding in the District Court was advancing in due course and would ultimately ripen into a judgment from which an appeal would lie to the Circuit Court of Appeals, that court would not, ordinarily, for the purpose of saving the cost and delay of litigation, grant a writ of mandamus, prohibition, or certiorari to restrain the District Court from proceeding further.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 5, 6; Dec. Dig. ☞5; Mandamus, Cent. Dig. §§ 9–21, 24–34; Dec. Dig. ☞4; Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. ☞3.]

2. MANDAMUS ☞169—DISMISSAL ON MOTION.

The questions of law arising on a petition for a writ of mandamus may, in ordinary cases, be disposed of on their face in the summary manner of a motion to dismiss.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 375; Dec. Dig. ☞169.]

Original petition by Tomas Garrosi and another for a writ of mandamus, prohibition, or certiorari. On motion to dismiss. Motion allowed, and petition dismissed.

Francis H. Dexter, of San Juan, Porto Rico, and Joseph B. Jacobs, of Boston, Mass., for the motion.

Hollis R. Bailey, of Boston, Mass. (José A. Poventud, of Ponce, Porto Rico, on the brief), opposed.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. [1] This is a petition for mandamus and sundry alternative writs of prohibition and certiorari to Hon. Peter J. Hamilton, Judge of the District Court for the District of Porto Rico. The real parties in interest have been summoned in and thus made parties to the record. The proceeding to which the petition relates is advancing in due course, and would in due course, ultimately, so far as the record now stands, come to a decree on which an appeal lies to this court. The purpose of the present proceeding is to obtain an order of this court for a judgment to restrain the District Court

from further advancing the bill, the motive of this short cut being to save the cost and delay of litigation.

The rule is laid down specifically in Phillips' United States Supreme Court Practice (5th Ed.) 408. This work is of the highest authority, and the rule as there laid down has never been questioned by any court. It is there said that to render mandamus a proper remedy "the person applying for it must be without any other specific and legal remedy"; and decisions of the Supreme Court are cited in support of that proposition. This has been said by other authorities at different times, and has never been contravened or qualified so far as we are aware.

This principle applies as a matter of course to all the special writs to which the petition before us refers; and the same fundamental rule applies to all of them, and clearly disposes of the present petition, because it is plain that, in the regular course, the bill to which it relates will ripen into judgment against one of the parties concerned, which other courts will have ample jurisdiction to reverse or affirm.

[2] The present, immediate proposition arises on a motion to dismiss the petition in question. Formerly, as shown by the old editions of Moses on Mandamus, and elsewhere, the methods of dealing with petitions for mandamus were rigid; but for a long time there has been no doubt that the questions of law arising may be disposed of on their face in the summary manner of a motion to dismiss, which was the manner adopted by the learned judge of the District Court and the parties arrayed with him. Consequently, as we have the jurisdiction to grant the motion to dismiss, it is our duty to do so; but we have not undertaken in this case to deal with the question of costs.

We may add in all substantial particulars the case is strictly analogous to the principle involved in Atlantic City Railroad, 164 U. S. 633, 17 Sup. Ct. 208, 41 L. Ed. 579, and we reach the same result as reached there.

The motion to dismiss the petition of Tomas Garrosi and Juana Maria Gonzales, filed on the 19th day of October, 1915, is allowed; and said petition is hereby dismissed, without costs to either party.

BINGHAM, Circuit Judge (concurring). This is a petition for a writ of mandamus to restrain the District Judge for the District of Porto Rico from entertaining jurisdiction and proceeding to trial in an equity cause now pending in that court, in which Tomas Garrosi and his sister, Juana Gonzales, are defendants, and his wife, Manuela Garrosi, is plaintiff. The petition sets forth that the petitioner, Tomas Garrosi, is a citizen of France residing in Porto Rico, that Manuela Garrosi is likewise a citizen of France residing in Porto Rico, and that Juana Gonzales is a citizen and resident of Porto Rico. It alleges that the District Court of Porto Rico is without jurisdiction of the subject-matter involved in the equity suit (1) because no judgment has been entered for alimony in favor of Manuela in the divorce proceeding which she has brought against her husband in the district court of Ponce; and (2) because she has no interest in the community property until a divorce is awarded her.

No question is raised as to the jurisdiction of the District Court over the parties, and none could be. In the Act of March 2, 1901, § 3, 31 Stat. at Large, c. 812, p. 953 (Comp. St. 1913, § 3786), it is provided:

"That the jurisdiction of the District Court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the Act of April 12, 1900, extend to and embrace controversies where the parties, or either of them, are citizens of the United States, or citizens or subjects of a foreign state or states, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of one thousand dollars."

The ground of the petitioner's complaint is that the District Court was without jurisdiction over the subject-matter; that the bill did not state a cause of action, either at law or in equity.

This court is without authority to issue writs of mandamus to District Courts, except in aid of its appellate jurisdiction. McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762; Barber Asphalt Paving Co. v. Morris, 132 Fed. 945, 952, 953, 66 C. C. A. 55, 67 L. R. A. 761; In re Dennett, 215 Fed. 678, 131 C. C. A. 607; Judicial Code of 1911 (Act March 3, 1911, c. 231) § 262, 36 Stat. 1162 (Comp. St. 1913, § 1239); Rev. Stat. § 716. Original jurisdiction in such matters is conferred upon the Supreme Court "where a state or an ambassador or other public minister, or a consul or vice consul is a party," but upon that court only. Judicial Code of 1911, § 234; Virginia v. Rives, 100 U. S. 313, 25 L. Ed. 667.

As early as 1803 it was held that the act of Congress (Act Sept. 24, 1789, 1 Stat. at Large, 80, c. 20, § 13) conferring original jurisdiction on the Supreme Court in mandamus proceedings was unconstitutional; that Congress, in the enactment of the law, had exceeded its power, for the statute, as it then stood, did not contain the qualifying clause above set forth. Const. U. S. art. 3, § 2, par. 2; Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60; M'Cluny v. Silliman, 2 Wheat. 370, 4 L. Ed. 263.

In the early decisions considering the question now before us, it was held that federal courts, in the exercise of their appellate jurisdiction, were not authorized to issue writs of mandamus to inferior courts until they had actually obtained jurisdiction of a cause—that such writs issued only in aid of a jurisdiction actually acquired; but the view now entertained is that, "where a case is within the appellate jurisdiction of the higher court a writ of mandamus may issue in aid of the appellate jurisdiction" while the case is pending in the court below. McClellan v. Carland, 217 U. S. 268, 279, 280, 30 Sup. Ct. 501, 54 L. Ed. 762.

The first question, therefore, is whether an appeal will ultimately lie to this court to determine whether the District Court has jurisdiction of the subject-matter of the cause.

In section 128 of the Judicial Code of 1911, as amended by the Act of January 28, 1915 (38 Stat. at Large, c. 22, § 2, p. 803), it is provided:

"The Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the District Courts, including the United States District Court for Hawaii and the United States

District Court for Porto Rico, *in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court,* as provided in section two hundred and thirty-eight, unless otherwise provided by law."

The cases in which appeals and writs of error may be taken direct to the Supreme Court, as enumerated in section 238 of the Judicial Code of 1911, as amended by the Act of January 28, 1915 (38 Stat. at Large, c. 22, § 2, p. 804), are as follows:

"Appeals and writs of error may be taken from the district courts, including the United States District Court for Hawaii and the United States District Court for Porto Rico, direct to the Supreme Court in the following cases: In any case in which the [question of] jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision; from the final sentences and decrees in prize causes; in any case that involves the construction or application of the Constitution of the United States; in any case in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority is drawn in question; and in any case in which the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States." Judiciary Act of 1891, § 5.

The meaning of the word "jurisdiction" as used in this statute has been before the court for consideration many times, and in United States v. Swan, 65 Fed. 647, 13 C. C. A. 77, Judge Taft, in speaking for the Circuit Court of Appeals for the Sixth Circuit, said that the word as used in section 5 of the Judiciary Act of 1891, which is the basis of the present statute, is applicable to—

"initial questions of the jurisdiction of a United States District * * * Court, whether in law or equity over the subject-matter and parties, and not to questions whether a court of equity or law is the proper forum for the working out of rights properly within the particular federal jurisdiction for adjudication."

This statement is quoted with approval in United States v. Larkin, 208 U. S. 333, 338, 28 Sup. Ct. 417, 52 L. Ed. 517, in an opinion delivered by Mr. Chief Justice Fuller. See, also, Smith v. McKay, 161 U. S. 355, 16 Sup. Ct. 490, 40 L. Ed. 731; Blythe v. Hinckley, 173 U. S. 501, 17 Sup. Ct. 991, 42 L. Ed. 1210; Kendall v. American Automatic Loom Co., 198 U. S. 477, 25 Sup. Ct. 768, 49 L. Ed. 1133; Chicago Board of Trade v. Hammond Elevator Co., 198 U. S. 424, 25 Sup. Ct. 740, 49 L. Ed. 1111; Louisville Tr. Co. v. Knott, 191 U. S. 225, 24 Sup. Ct. 119, 48 L. Ed. 159; Remington v. Central Pacific R. R., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959.

It has also been held that where the question of the jurisdiction of a District Court of the United States, as a court of the United States, is in issue, and is certified to the Supreme Court under section 5 of the act of 1891, the jurisdiction of the Supreme Court is exclusive. United States v. Larkin, 208 U. S. 339, 340, 28 Sup. Ct. 417, 52 L. Ed. 517; American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859; United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Excelsior Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910.

In view of these decisions, and entertaining the opinion that the question raised as to the jurisdiction of the District Court is one which relates to its jurisdiction over the subject-matter of the suit, we think

that the question is reviewable by writ of error or appeal to the Supreme Court under section 5 of the act of 1891 (Judicial Code of 1911, § 238), and not to this court; and, such being the case, that this court is without jurisdiction to issue the writ of mandamus.

Then, again, if this court, in the exercise of its appellate jurisdiction, was authorized to issue the writ, no occasion exists for so doing, inasmuch as it does not clearly appear on the face of the record that the District Court is without jurisdiction of the subject-matter of the suit. In re James Pollitz, 206 U. S. 323, 331, 332, 27 Sup. Ct. 729, 51 L. Ed. 1081, and cases there cited. It would seem rather, that, under the Civil Code, the wife, even before dissolution of the marriage, has a present subsisting interest in the community property, movable and immovable, of such a nature that the husband cannot defeat it through fraudulent transfers, and that the District Court is acting within its right in taking jurisdiction of the suit. Garrozi v. Dastas, 204 U. S. 64, 27 Sup. Ct. 224, 51 L. Ed. 369. But if there is nothing in the nature of the case itself against the power of this court to issue the writ, it is extremely doubtful whether, under the recent holdings of the Supreme Court, the case comes within the principles allowing the issuance of such a writ. It would seem that it did not. Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, and cases there reviewed. Ex parte Roe, 234 U. S. 70, 34 Sup. Ct. 722, 58 L. Ed. 1217.