LENOIR COUNTY, BOARD OF COMMISSIONERS OF LENOIR COUNTY,
   HEBER WORTHINGTON, SHERIFF, AND T. G. SUTTON, JAILOR OF
   LENOIR COUNTY, v. A. W. TAYLOR AND T. A. CONWAY, AND LENOIR
   COUNTY, BOARD OF COMMISSIONERS ET AL. v. A. W. TAYLOR.

(Filed 28 October, 1925.)

**1. Public Officers—Sheriffs—Counties—Courts—Trial by Jury—Statutes.**

In an action to compel the sheriff to turn over the property of a
county to another alleged to have been properly appointed and inducted
into office as his successor, the title to the office is not involved, and the
cause is properly returnable before the judge in chambers, the matters
controverted, both as to fact and law, not requiring the intervention of a
jury under the provisions of C. S., 868.

**2. Public Officers—Sheriffs—Accounting—County Commissioners—Bonds.**

Where the sheriff has failed or refused to pay over the moneys he
has collected as such to the proper county officials, C. S., 3926, it becomes
the duty of the county commissioners, under the provisions of C. S., 3931,
3932, passed in pursuance of our Constitution, Art. VII, sec. 2, to require
him to produce the receipts for his disbursements to the proper county
officials, before accepting his bond as a prerequisite to his induction
into office.

**3. Same—Mandamus.**

A mandamus at the suit of the county commissioners will lie to compel
a sheriff wrongfully holding over from a preceding term, to turn over
the county property pertaining to his office to his successor, lawfully
appointed, qualified and inducted therein.

APPEAL by defendants from *Midyette, J.,* at chambers, 20 June, 1925.
From LENOIR.

The relief sought in these actions by plaintiffs is the issuance of a
writ of mandamus, requiring defendants forthwith to deliver to plaintiffs
certain property of Lenoir County, required for the proper discharge of
the duties of their respective offices, and withheld by defendants, under
the claim that they are entitled to possession of same as sheriff and jailor,
respectively, of said county.

The court found the facts, from the evidence submitted at the hearing,
and thereupon ordered and adjudged that a "writ of mandamus issue to
the defendant, A. W. Taylor, to deliver to Lenoir County and its board
of commissioners, full and complete possession of the room in the court-
house of Lenoir County, heretofore known as the sheriff's office, together
with the iron safe, filing devices, furniture and fixtures and all other
property therein contained and heretofore used therewith; and further
ordered, considered and adjudged that a writ of mandamus issue to the
defendants, A. W. Taylor and T. A. Conway, to deliver to Lenoir County
and its board of commissioners full and complete possession of the com-
mon jail, and building of which it is a part, and of the lot on which it is

situate, together with all property and fixtures contained therein and used therewith, belonging to Lenoir County."

From the judgment, defendants appealed, assigning errors discussed in opinion below.

*Ward & Ward and Cowper, Whitaker & Allen for plaintiffs.*
*F. E. Wallace and Rouse & Rouse for defendants.*

CONNOR, J. At the election held in November, 1924, defendant, A. W. Taylor, was duly elected sheriff of Lenoir County for the term of two years, beginning on the first Monday in December, thereafter. Said A. W. Taylor was first elected sheriff of Lenoir County at the election held in November, 1912; he has been elected to said office at each subsequent biennial election in said county, including the election of 1924. On the first Monday in December of each year, in which said biennial elections were held, he has duly qualified for and has been inducted into, said office by the board of commissioners of said county for the next succeeding term. He was, therefore, sheriff of Lenoir County for the term ending on first Monday in December, 1924.

On 1 December, 1924, at the meeting of the board of commissioners of Lenoir County, defendant, A. W. Taylor, appeared and presented his bond as sheriff-elect. Action on same was deferred by the board, for investigation, to an adjourned meeting to be held on 9 December, 1924.

On 9 December, 1924, A. W. Taylor, sheriff, with his counsel, appeared before the board and presented a proposed settlement of past-due taxes. The board appointed three ·of its members as a finance committee to examine the report of the sheriff and to report at an adjourned meeting to be held on 31 December, 1924.

On 31 December, 1924, the finance committee submitted its report to the board, showing the amount found by an audit to be due the county of Lenoir by A. W. Taylor, sheriff, for taxes for the years 1920, 1921, 1922 and 1923. Said A. W. Taylor, sheriff, being present with his counsel, having theretofore tendered his bonds required by law, demanded that same be accepted, and, that pursuant to his election in the preceding November, he be inducted into the office of sheriff for the term beginning 1 December, 1924. At same time, the said sheriff informed the board of his willingness, readiness and ability to settle with the county and all its officers, entitled to receive same, all amounts due by him for taxes. He insisted that the audit upon which the finance committee based its report to the board was incorrect in material respects; he denied that he was indebted to the county of Lenoir or to any of its officers, as shown by said audit. His request that he

be given an opportunity to further examine said audit and report was complied with and the meeting was adjourned to Saturday, 3 January, 1925.

On 3 January, 1925, report was made to the board of commissioners by the finance committee that A. W. Taylor, sheriff, was indebted on account of uncollected taxes for the years 1920, 1921, 1922 and 1923 in the sum of $47,961.25, including land sales advertised but not sold, and excluding land bid in by the county, and $8,953.36, insolvent list allowed by the finance committee. From this sum Sheriff Taylor claimed deductions, as itemized, amounting to $42,518.41, including land sales advertised and not sold—$23,000. He offered to pay over to the treasurer of the county, in cash, the sum of $5,442.84 for the purpose of indemnifying the county, if, upon an accounting, it should be determined that he owed the county any sum. Thereupon as sheriff-elect, he demanded that he be inducted into the office for the term beginning 1 December, 1924. The board approved the report of the finance committee and demanded settlement by the sheriff in accordance therewith. They declined to accept the bonds tendered by A. W. Taylor, as sheriff-elect, until he had made the settlement required, or to induct him into office. The meeting was adjourned to 5 January, 1925, and Sheriff Taylor was notified of the action of the board.

On 5 January, 1925, at the adjourned meeting, proceedings were had, as appears upon the minute docket of the board, as follows: "This board, at a former meeting held 3 January, 1925, having passed a motion or resolution extending the time in which the sheriff would be allowed to come forward and settle as required by the board until 3 o'clock p. m., 5 January, 1925, and it being now past the hour designated by the board for such settlement, Sheriff Taylor not having appeared, either in person or by counsel, and no further proposal or offer of settlement as demanded by this board having been presented, it was moved by Richard King, and duly seconded by J. R. Fields, that this board proceed to the election of a sheriff of Lenoir County. The above motion was carried, each member being present and voting in the affirmative."

"Upon motion of Richard King and seconded by R. R. Rouse, and duly carried, the election of Heber Worthington was made unanimous."

On 8 January, 1925, Heber Worthington, pursuant to his election by the board of commissioners, tendered the bonds required by law, and same were accepted and approved by the board. He was thereupon inducted into office as sheriff of Lenoir County for the term beginning 1 December, 1924.

After his qualification as sheriff, Heber Worthington appointed plaintiff, T. G. Sutton as jailor of Lenoir County; prior to said appointment

and subsequent to the first Monday in December, 1924, A. W. Taylor appointed defendant, T. A. Conway, as such jailor. Each derives his authority to hold said office from these appointments. The validity of their respective appointments will be determined by an adjudication as to whether Heber Worthington or A. W. Taylor is sheriff of Lenoir County for the term beginning on first Monday in December, 1924.

On the first Monday in December, 1924, A. W. Taylor, sheriff of Lenoir County for the term ending on that day, was in possession of and occupying the office in the courthouse which had theretofore been known as the sheriff's office, and which was and is equipped with iron safes, filing devices, and furniture and fixtures required for the proper discharge of the duties of the office of sheriff; he remained in possession of same, pending his settlement with the board of commissioners for taxes in his hands for collection, until 8 January, 1925; upon the election and qualification of Heber Worthington as sheriff, demand was made by plaintiffs upon said Taylor for possession of said office, etc.; notwithstanding such demand, said Taylor has failed and refused to vacate said office and to deliver said property to the board of commissioners or to Heber Worthington; defendant, T. A. Conway, is now in possession of the common jail of Lenoir County and all property used in connection therewith, claiming the right to hold same under his appointment by A. W. Taylor as jailor. Both defendants, A. W. Taylor and T. A. Conway, have failed and refused to surrender possession of said jail and property to plaintiffs, notwithstanding demand for same.

The court found as a fact "that the commissioners in all their actions, acted with good faith and within their rights, and the effect of their proceedings was, for the purpose of this action, to determine that A. W. Taylor, defendant, was not legally qualified to be inducted into the office of sheriff of Lenoir County for the ensuing term, beginning the first Monday in December, 1924."

The court found as facts that A. W. Taylor, sheriff-elect, "did not legally qualify before the commissioners and was not inducted into the sheriff's office for the said succeeding term by the commissioners, and that his legal holding as sheriff, as a holdover, was terminated by the action of the board at their meeting on Saturday before the first Monday in January, 1925;

That Heber Worthington was duly elected sheriff by the board on the first Monday in January, 1925, and duly qualified and was duly inducted into office on 8 January, 1925;

That it was admitted in the pleadings that demand was made by the plaintiffs and refused by the defendants prior to the beginning of these actions for the delivery to the plaintiffs of the possession of the property and effects involved in these actions."

Upon the facts found by the court, and in accordance with its conclusions of law, it was ordered, and adjudged that writs of mandamus issue as prayed for by the plaintiffs.

Defendants assign as error the refusal of the court to allow their motion to continue the action for the purpose of submitting certain issues tendered by them to a jury, in accordance with C. S., 868. If issues of fact are raised by the pleadings, in an application for a writ of mandamus, it is the duty of the court, under the statute, upon motion of either party, to continue the action until the issues can be determined by a jury at the next regular term of the court. There are no issues of fact, however, raised by the pleadings in these actions, determinative of the rights of plaintiffs to the relief sought. *Tyrrell v. Holloway*, 182 N. C., 64; *Durham v. R. R.*, 185 N. C., 240. This relief not being the enforcement of a money demand, the summons was properly made returnable before the judge of the ·Superior Court, at chambers; in determining plaintiff's right to the relief demanded, except for good cause shown, the court "shall hear and determine the action, both as to law and fact." This assignment of error is not sustained.

Defendants further assign as error the court's conclusions of law, that "in these actions there is no question of accounting between plaintiffs and defendant, A. W. Taylor, and his sureties," and that "the action of the commissioners in refusing to permit the defendant, A. W. Taylor, to be inducted into office, and in electing and inducting Heber Worthington into the office of sheriff, is controlling on the rights involved in this case, unless and until the defendant, A. W. Taylor, shall in some proper proceedings establish his right to the office of sheriff of Lenoir County for said term beginning on the first Monday in December, 1924."

A. W. Taylor, although elected by the qualified voters of Lenoir County, to the office of sheriff of said county, for a term of two years, beginning on the first Monday in December, after said election, was not eligible for said office, if he, having been theretofore sheriff of said county had failed to settle with and fully pay up to every officer the taxes which were due to him, C. S., 3926. Nor could the board of commissioners of said county, whose duty it is under the statute, to take and approve the official bonds required by law of a sheriff, permit A. W. Taylor, sheriff-elect, who was a former sheriff, to give the bonds or reënter upon the duties of the office, until he had produced before the board the receipt in full of every such officer for taxes which he had or should have collected, C. S., 3931.

The amount due by A. W. Taylor, sheriff, for taxes which he had collected or which it was his duty to collect, during his terms of office, prior to first Monday in December, 1924, was ascertained for the pur-

pose of a settlement by the sheriff, by the committee appointed by the board of commissioners under C. S., 8050; the report of this committee was approved and adopted by the board, acting in good faith, and in discharge of their duty under the law; by the express words of the statute, the account audited by the committee and approved by the board, is prima facie correct, and is impeachable only for fraud or special error. Until the sheriff-elect had produced receipts in full, showing the payment by him to the officers of the county who were entitled thereto, of the amounts due as shown by the settlement so audited and approved, the board of commissioners were forbidden, by statute, to permit the said sheriff-elect to file bonds required for his qualification for the term beginning on first Monday in December, 1925. If any board of commissioners shall fail to comply with the provisions of the statute, they shall be liable for all loss sustained in the collection of taxes, on motion to be made by the solicitor of the district, C. S., 3933.

*Justice Manning,* in *Hudson v. McArthur,* 152 N. C., 445, writing for the Court, says, that the evident purpose of the statute is to further protect and safeguard the public revenue and to further assure its honest collection and application by subjecting the commissioners to liability if they fail to require the proper bonds from the collecting officer, and we may add, if they permit the bonds to be filed in violation of the express language of the statute. No question of accounting can arise in this action. A sheriff-elect, who is a former sheriff of the county, cannot, lawfully, be permitted to give bonds for a new term, and to reënter upon the duties of the office for a new term, until he has settled with the officers of the county for amounts due by him in accordance with the audit made and approved as provided in C. S., 8050. *People v. Green,* 75 N. C., 329; *Colvard v. Comrs.,* 95 N. C., 515; *Somers v. Comrs.,* 123 N. C., 582.

If such settlement is fraudulent, or if in arriving at the amount claimed to be due by the sheriff, errors of law or fact are made to appear, it may be impeached by the sheriff, to the end that the true amount owed by him may be ascertained. The sheriff-elect, who is a former sheriff, in a quo warranto proceeding, to try the title to the office of sheriff for the term to which he has been elected, against the occupant of the office, holding under an election by the board of commissioners, may show that said settlement is erroneous, either in law or fact, or in both. Nor is the settlement conclusive upon the sheriff and the sureties on his official bonds, in an action to recover the amount shown by the settlement to be due by the sheriff. It is not open, however, for the sheriff-elect to attack the validity of the settlement or the correctness of the amount shown by same to be due, in an action or proceeding wherein the title to the office is not in issue.

The efficacy of these statutes to accomplish the purpose for which they were enacted would be destroyed if a controversy between the board of commissioners and the former sheriff, even in good faith, as to the amount due by the sheriff for taxes which he has or should have collected, should be held to deprive the board of commissioners of the power to perform the duty imposed upon them by the statute. The interests of the public require that pending an adjudication of the controversy between the commissioners and the sheriff, the duties of the office be performed.

. It is the duty of the board not to permit a former sheriff, who has been elected to a new term, to give bonds for or to enter upon the performance of the duties of said office for said term, until he has produced the receipts required by statute. It is also its duty under the statute to audit, supervise and approve settlements between the sheriff and the treasurer and other officers, whose duties are to receive and disburse county funds; Const. of N. C., Art. VII, sec. 2. Power commensurate with these duties is conferred by statute. Upon the failure of the sheriff-elect to give bonds required by law, the board has power to elect some suitable person in the county as sheriff for the unexpired term, C. S., 3932. For the purpose of performing these duties, it must be held that the settlement audited by the finance committee and approved by the board, showing amount due by the sheriff, is conclusive.

The exercise of the powers conferred upon the board by statute, pursuant to the Constitution, which may result, if it shall be determined in a proper proceeding or action, that the amount demanded of the sheriff is not, because of errors in law or in fact, the true amount due by him, in depriving the sheriff-elect, at least temporarily of his office, and in thus thwarting the will of the qualified voters of the county, as expressed at the election, involves grave responsibilities. We may feel assured that no board of commissioners will undertake to exercise these powers without a keen appreciation of its responsibilities. We may likewise feel assured that no board will be deterred from performing its duty, in good faith, when such duty is manifest and clear. Assignments of error, based upon exceptions to the conclusions of law, are not sustained.

Defendants further assign as error the adjudication that plaintiffs are entitled to writs of mandamus, and the order that same be issued.

In *Person v. Doughton,* 186 N. C., 723, *Justice Stacy* says: "Mandamus lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have a clear legal right to demand it, and the party to be

coerced must be under a legal obligation to perform the act sought to be enforced." See authorities cited.

Defendant, A. W. Taylor, having failed to qualify as sheriff for the term to which he had been elected, it became the duty of the board of commissioners forthwith to elect some suitable person in the county as sheriff for the unexpired term, C. S., 3929, 3932. The Court has found that Heber Worthington was duly elected by said board and has duly qualified as sheriff of Lenoir County. He, therefore, has a clear legal right to the property owned by the county, and required to be in his possession for the proper discharge of the duties of the office of sheriff. It was equally the clear duty of A. W. Taylor, who had the property in his possession, by virtue of his office as sheriff for a term which had expired, to surrender the same to his successor. The title of the county of Lenoir to the property is not in controversy; it is admitted. The rights of the public, with respect to said property, are paramount to any rights which the parties to the action may have to said property, or to the office of sheriff. The controversy between them, as to their rights as individuals to the office or to the property cannot be determined in this action. An adjudication as to these rights, if desired, must be had in an appropriate action or proceeding. Plaintiffs are entitled to the issuance of the writ of mandamus. *Tyrrell v. Holloway*, 182 N. C., 64, is decisive of the contention presented by this assignment of error; it cannot be sustained.

There is no error in the judgment and order of Judge Midyette. Many interesting questions are presented by the pleadings in these actions; they were discussed in the briefs and on the oral argument. We do not pass upon or discuss them as they are not essential to the determination of this appeal. It seems probable that they will arise in pending litigation growing out of the controversy between the parties. We have passed upon and determined only the assignments of error appearing on the record. They are not sustained and the judgment is

Affirmed.