Under the apportionment made by the General Assembly of North Carolina of members of the House of Representatives to the several counties of the State, as required by the Constitution, Art. II, secs. 5 and 6, Durham County elects two members of said house, C. S., 6088. At the primary election, held as required by statute, C. S., 6018 et seq., in Durham County, on 5 June, 1926, for the nomination by political parties of candidates for offices, to be voted for at the general election to be held in November, 1926, there were three candidates, to wit: S.C. Brawley, R. O. Everett and James N. Umstead, for nomination by the Democratic Party as representatives from Durham County. Each had duly complied with the requirements of the statutes, and was a duly qualified candidate for such nomination. Thus there were three candidates and two nominations to be made. There is no provision in the statute, relative to primary elections, that candidates for nomination as representative from a county, which under the apportionment made by the General Assembly, elects more than one representative, shall be classified or voted for, with respect to any one of said offices to which they aspire. Each voter in Durham County, qualified to vote in the Democratic primary, had the right to vote for one but not more than two of the three candidates, as the Democratic nominee for representative from said county.
Upon a canvass of the votes cast in the primary election, held on 5 June, 1926, in Durham County, it was ascertained that 3301 votes had been cast for S.C. Brawley, 3065 for R. O. Everett, and 2724 for James N. Umstead. No one of said candidates was entitled to be declared the *Page 141 
nominee of his party for representative unless he received a majority of the votes cast for the nomination for which he was candidate, C. S., 6045. It was the duty of the board of elections of Durham County, not only to tabulate the returns made by the judges and registrars of the several precincts in the county, but also to declare and publish the results, C. S., 6042. In order to determine whether either of the three candidates had been nominated, it was necessary that the board of elections should determine the number of votes cast for the nomination, for no candidate could be declared a nominee unless he had received a majority of the votes cast. It therefore became the duty of the board of elections to ascertain the number of votes cast in said primary for the respective nominations for which Messrs. Brawley, Everett and Umstead were candidates.
On 8 June, 1926, as soon as the number of votes received in the primary election by each of the three candidates had been tabulated and ascertained, but before the result had been published by the board of elections, plaintiff, James N. Umstead, filed with the board a request, in writing, for a second primary, to nominate a Democratic candidate for representative from Durham County, requesting that the names of R. O. Everett and James N. Umstead be placed upon a ticket to be voted for in said primary, as candidates for said nomination. Thereupon, before acting upon said request and being in doubt as to whether any nomination had been made in said primary, the board of elections of Durham County submitted to the State Board of Elections the results of the primary election, held on 5 June, 1926, in said county, for the nomination of candidates of the Democratic Party for representatives from Durham County, and requested a ruling by said State board as to whether either of said candidates had received a majority of the votes cast for the nomination which he sought. The State Board of Elections was also advised of the request of James N. Umstead for a second primary, in which he and R. O. Everett should be declared candidates for nomination as representative from said county.
The State Board of Elections advised the county board that upon the facts submitted to said State board, in order to ascertain the number of votes cast for the nomination as representative from Durham County, the total number of votes cast for all three candidates should be divided by the number of nominations to be made; that if upon applying this rule, it should be ascertained that each of the candidates had received a majority of the votes cast for the nomination which he sought, then the two candidates receiving the highest number of votes should be declared the nominees of the primary as representatives from Durham County, and that under the statute applicable, the county board of elections had no power to order a second primary. *Page 142 
At a meeting held on 11 June, 1926, the county board of elections adopted the rule as advised by the State Board of Elections. The total number of votes cast for the three candidates was 9090; one-half of this number is 4545; each of the candidates therefore had received more than a majority of the votes cast, as thus determined; Mr. Brawley and Mr. Everett having received the highest number of votes were declared the Democratic nominees for representatives from Durham County and were so certified by the board of elections. The said board declined to order a second primary, as requested by the plaintiff. By this action, plaintiff prays that a writ of mandamus be issued to compel the board of elections of Durham County to order a second primary and to place the names of R. O. Everett and James N. Umstead on tickets to be voted in said primary, as candidates for the Democratic nomination as representative from Durham County. Plaintiff concedes that S.C. Brawley has been lawfully declared to be a Democratic nominee for the office of representative from Durham County, whether he received a majority of the votes cast or not. His right to the nomination has not been challenged by a request for a second primary.
Plaintiff is not entitled to the issuance of said writ, unless he has a "present, clear legal right" which has been denied by defendant, and unless it is the duty of the defendant to grant his request as a ministerial act, required of said board by statute. Britt v. Board of Canvassers,172 N.C. 797. It is only when rights asserted by a plaintiff, in an action for a mandamus, are manifest, and the duty of defendant is ministerial, that plaintiff is entitled to relief by the issuance of the writ of mandamus.Johnson v. Board of Elections, 172 N.C. 162. This principle is so well settled that citation of authorities does not seem necessary. Lenoir Countyv. Taylor, 190 N.C. 336; Person v. Doughton, 186 N.C. 723. In the opinion in the latter case, written by the present Chief Justice, it is said: "Mandamus lies only to compel a party to do that which it is the duty to do without it. It confers no new authority. The party seeking the writ must have a clear legal right to demand it, and the party to be coerced must be under a legal obligation to perform the act sought to be enforced.Missouri v. Murphy, 170 U.S. 78; Withers v. Comrs., 163 N.C. 341;Edgerton v. Kirby, 156 N.C. 347; Betts v. Raleigh, 142 N.C. 229. As to when the writ will issue generally, see note to M'Cluny v. Silliman,4 L.Ed., 263."
Plaintiff, as one of the candidates for nomination as a representative by the Democratic Party from Durham County in the primary election held in said county on 5 June, 1926, was not entitled to have the board of elections of said county hold a second primary as requested by him (1) unless no aspirant for said nomination received a majority of the votes cast in said primary for said nomination, and (2) unless he received the *Page 143 
second highest number of votes cast for said nomination in said primary and (3) unless within five days after the result of such primary election had been officially declared and he had been notified of such declaration he filed with said board a request, in writing, that said second primary be called and held. C. S., 6045. The burden was upon plaintiff to establish these facts; plaintiff has no "present, clear legal right" to the call of a second primary and defendant has no duty — indeed, has no power, under the statute — to call such primary, until these facts have been established.
The county board of elections has officially declared that as the result of the primary held on 5 June, 1926, Messrs. Brawley and Everett are the Democratic nominees for representatives from Durham County; whether the method adopted by the board in making this declaration is correct or not, plaintiff has failed to show that no aspirant for the nomination received a majority of the votes cast; it does not appear that plaintiff received the second highest number of votes cast for said nomination, as required by the statute; nor does it appear that within five days after the result was officially declared and he had been notified of such declaration, he requested the call of the second primary. The result of the primary held on 5 June, 1926, was declared on 11 June, 1926; the request for the second primary was made on 8 June, 1926, before the result had been declared by the board. We must therefore hold that plaintiff, having failed to show a "present, clear legal right," was not entitled to the writ of mandamus as prayed for.
Whether the method adopted by the board of elections for declaring the result of the primary be correct or not, need not be decided upon this record. It is conceded that this method was adopted by the board of elections without express statutory authority; the method of determining the result of the primary suggested in plaintiff's brief, is also without such authority. If it be contended that the method adopted by the board is based upon an arbitrary assumption, the same must be said of the method suggested by the plaintiff. The purpose of an election is to choose some one of the candidates for the office or position to which he aspires, affirmatively and not by the exclusion of other candidates. The method adopted by the county board of elections upon the advice of the State Board of Elections has the merit, at least, of determining the nominees without the necessity of numerous primary elections. As said of this method byJudge Hoke in Johnston v. Board of Elections, 172 N.C. 162, "It may be that the board, in adding up the entire vote for all the candidates and dividing the amount by the number of places to be filled, pursued the correct method for ascertaining the number of votes cast at the primary." No candidate can be declared the nominee of the primary by this method of determining the result, when the *Page 144 
number of candidates exceeds the number of nominations to be made, unless he has received a majority of the votes cast as required by the statute. Messrs. Brawley and Everett, having each received a majority of the votes cast for the nominations in the primary held on 5 June, 1926, as determined by the county board of elections, are the Democratic nominees for representatives from Durham County. Plaintiff, having failed to show a clear legal right to a second primary as alleged by him, was not entitled, under the statute, to a second primary.
The order denying the writ of mandamus, upon the facts of this record, is
Affirmed.