Application for a writ of mandamus to compel the clerk of the city of Raleigh to certify to the sufficiency of a petition for the recall of Carl L. Williamson, commissioner of public safety of said city.
It is alleged that on 1 July, 1931, a recall petition was duly filed with the defendant as required by Article XI of the city charter, the pertinent part of which is as follows:
"Within ten days from the date of filing such petition the city clerk shall examine and from the voters' register ascertain whether or not said petition is signed by the requisite number of qualified electors, and he shall attach to said petition his certificate, showing the result of such *Page 499 
examination. If, by the clerk's certificate the petition is shown to be insufficient, it may be amended within ten days from the date of said certificate. The clerk shall, within ten days after such amendment, make like examination of the amended petition, and if his certificate shall show the same to be insufficient, it shall be returned to the person filing the same; without prejudice, however, to the filing of a new petition to the same effect. If the petition shall be deemed to be sufficient, the clerk shall submit the same to the board of commissioners without delay."
The clerk returned said petition 10 July, 1931, with accompanying certificate as follows:
"I, J. E. Sawyer, city clerk, in and for the city of Raleigh, county and State aforesaid, do hereby certify that there was filed in my office on 1 July, 1931, thirty-one petitions, duly sworn to and attested, each petition being headed as follows:
`Petition for the recall of Carl L. Williamson, commissioner of public safety of the city of Raleigh.'
I further certify that, as required by Article XI of the city charter, I have examined and checked the names on said petitions with the registration books for the several precincts on file in my office, and that I have withdrawn from said petitions, by authority of a ruling from the Attorney-General of the State of North Carolina, certain names from said petitions, after written application was received for such withdrawals.
I further certify that the results of such examination, checking and withdrawal, are as follows:
 Number of qualified electors necessary to complete petition 901 Number of names on original petitions ...... 926 Number withdrawn by application ............ 238 Number eliminated (duplicates, etc.) ....... 30 268 ---- --- Number of qualified names remaining on list 658 Number deficient ........................... 243
All withdrawn names were qualified electors.
I further certify that I have this day returned petition to the petitioners for the purpose of filing an amended or a new petition, as authorized by said Article XI of the city charter.
In witness whereof, I have hereunto set my hand and affixed the corporate seal of the city of Raleigh, this 10 July, A. D., 1931.
(Corporate seal.) J. E. Sawyer, city clerk." *Page 500 
Thereafter, on 20 July, 1931, the petition was refiled with the defendant, together with an additional petition purporting to contain the names of 58 additional qualified electors of the city of Raleigh.
The record is silent as to what action, if any, was taken by the clerk upon this amended or new petition. Summons in this action was issued the same day, 20 July, 1931.
From an order denying the writ, plaintiff appeals, assigning error.
It is the contention of the plaintiff that the signers of the original recall petition are not permitted by law to withdraw their names therefrom and that the defendant was and is without authority to remove from said petition the name of any qualified elector. Non constat the original petition was signed by only 896 qualified electors — admittedly 5 less than the required number, and there is nothing on the record to show that this deficiency was met by the supplemental petition purporting to contain 58 additional names. It may or may not have been signed by as many as 5 qualified electors. So far as the record discloses, no action was ever taken upon this amended or supplemental petition. For this reason, if for no other, the writ of mandamus, which is only available to enforce a clear legal right, was properly denied. Hayes v. Benton, 193 N.C. 379,137 S.E. 169; Umstead v. Board of Elections, 192 N.C. 139, 134 S.E. 409;Person v. Doughton, 186 N.C. 723, 120 S.E. 481.
Affirmed.