VACUUM CLEANER CO. v. PLATT, District Judge.

(Circuit Court of Appeals, Second Circuit. April 8, 1912.)

1. WITNESSES (§ 16*)—PROCESS—SUBPŒNA DUCES TECUM.

A subpœna duces tecum addressed to a witness whose testimony was taken for use in a case pending in another district goes by the practice in the Second circuit only on order of the court.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 19–27; Dec. Dig. § 16.*]

2. WITNESSES (§ 16*)—PROCESS—SUBPŒNA DUCES TECUM—DISCRETION.

It was proper exercise of discretion for the court to refuse to issue a subpœna duces tecum, requiring a witness being examined in a suit for an infringement of a patent to disclose a written agreement which could have no possible relevancy to the issue as to whether the patent was valid and had been infringed, and could serve no purpose except to for-

ward information which might serve as a basis for subsequent actions against other persons.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 19–27; Dec. Dig. § 16.*]

3. COURTS (§ 404*)—JURISDICTION—FEDERAL COURTS—MANDAMUS.

Rev. St. § 716 (U. S. Comp. St. 1901, p. 580), provides that the federal court shall have power to issue all writs not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law. *Held* that, where a District Court refused to issue a subpoena duces tecum to compel the production of certain documents, the jurisdiction of the Circuit Court of Appeals to review such ruling was by appeal; and hence it could not issue mandamus to compel the trial court to issue the subpoena, even if its action in refusing to do so was erroneous.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 404.*

Appeal or mandamus, see note to James v. Central Trust Co. of New York, 47 C. C. A. 376.]

Petition by the Vacuum Cleaner Company against Hon. James P. Platt, United States District Judge, for mandamus to compel the issuance of a subpoena duces tecum. Petition denied.

Hillary C. Messimer and Thomas Ewing, Jr., both of New York City, for petitioner.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition for a writ of mandamus. The petitioner is complainant in a patent cause pending in the District Court for the Southern District of New York against the Waldorf-Astoria Company. While cross-examining at Hartford, Conn., one Spencer, a witness called on behalf of the defendant, and afterwards recalled in rebuttal for complainant, it was discovered that the suit was being defended by and at the expense of an association under a written agreement and supplementary agreement. The witness had possession of a duplicate original of the agreement, but, under advice of counsel, refused to produce it. Thereupon the complainant applied to Judge Platt for a subpoena duces tecum, requiring him to do so, which Judge Platt refused to issue. We think he was quite right.

[1] A subpoena duces tecum addressed to witnesses whose testimony is taken for use in a cause pending in another district goes by the practice of this circuit only upon the order of the court.

[2] The document called for in this case could have no possible relevancy upon the issues as to whether the patent was valid and infringed. The petition states this was the reason that Judge Platt refused to let it go. The whole purpose of asking for the agreement was to obtain proof which might be used in subsequent actions against other parties, members of the association, to show that they would be bound by a decree, if one was obtained. The practice indicated in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, is that the trial court in equity causes shall ordinarily not exclude testimony because of irrelevancy or immateriality, but take it for the benefit of the Appellate Court, so that the cause need not be sent back for a new trial; but

we do not think that it requires that testimony which is clearly not within the issues shall be taken.

[3] Moreover, the writ of mandamus can be issued by the United States courts under section 716, U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 580), only if necessary to the exercise of their jurisdiction. It is not to be used for the correction of errors in respect to matters within the discretion of the lower court. Our jurisdiction of this case is by appeal, and will in no way be affected by Judge Platt's refusal to issue the subpœna duces tecum, even if erroneous. Barber Asphalt Co. v. Morris, 132 Fed. 945, 952, 66 C. C. A. 55, 67 L. R. A. 761.

In the case of Dowagiac v. Lochren, 143 Fed. 211, 74 C. C. A. 341, 6 Ann. Cas. 573, relied upon by the complainant, the testimony excluded by the trial court was as to sales of the patented articles by witnesses who bought the same from the defendant. This was clearly relevant on the accounting then in progress. Yet the Circuit Court of Appeals contented itself with saying that the judge of the court below, upon reading its opinion, would undoubtedly direct the production of the evidence, and denied the prayer of the petitioner for a writ of mandamus. The petition is denied.

LACOMBE, Circuit Judge. I am inclined to think that my Associates give too narrow a construction to Blease v. Garlington, also that it was not for the judge of the district where the testimony was being taken to determine as to its relevancy or materiality, which presented questions to be decided by the court of the district where the cause is to be tried. But I concur fully in the conclusion that it does not appear that mandamus is necessary to the exercise of jurisdiction by this court, and vote to dismiss the application therefor.