## TUCKER et al. v. PEILER et al.

(Circuit Court of Appeals, Second Circuit. March 10, 1924.)

No. 251.

1. **Witnesses ⬅16—Granting of subpœna duces tecum in patent contest discretionary.**

The denial by a District Judge of a subpœna duces tecum applied for in a contested case in the Patent Office, under Rev. St. § 4906, as amended by Act Feb. 18, 1922, § 7 (Comp. St. Ann. Supp. 1923, § 9451), for the production of documents, not as evidence, but for use of counsel in cross-examination of the witness, *held* within his discretion.

2. **Appeal and error ⬅78(2)—Order granting or denying subpœna duces tecum in pending case in patent office not appealable.**

An order by a District Judge, granting or denying a subpœna duces tecum applied for in a contested case then pending in the Patent Office, under Rev. St. § 4906, as amended by Act Feb. 18, 1922, § 7 (Comp. St. Ann. Supp. 1923, § 9451), is not of such finality as to be reviewable on appeal.

Appeal from the District Court of the United States for the District of Connecticut.

In the matter of Interference No. 44,251, entitled "Peiler v. Tucker and Reeves," pending in the Patent Office. Oliver M. Tucker and William A. Reeves appeal from an order of the District Judge denying a subpœna duces tecum. Appeal dismissed.

Certiorari denied 44 Sup. Ct. 461, 68 L. Ed. ——.

George Ramsey, of New York City, and Edwin P. Corbett, R. E. Fidler, and John J. Mahoney, all of Columbus, Ohio, for appellants.

Dorsey & Cole, of Washington, D. C., John P. Bartlett, of New York City, and Vernon M. Dorsey and Sidney F. Parham, both of Washington, D. C., for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit·Judge. The appellees were engaged in examining as a witness one William H. Honiss of Hartford, Conn., in an interference proceeding now pending in the United States Patent Office to decide the question of priority of invention between them

and the appellants, and which is referred to as Peiler v. Tucker and Reeves, No. 44,251. The invention relates to glass machinery, and more especially to apparatus for delivering lumps of viscous glass for subsequent fabrication by pressing or blowing machines. The proceeding is a consolidation of applications, two of which were filed by the appellants, one October, 1913, and the other September 16, 1916, and the application of Peiler, appellee, filed March 28, 1917. The appellee, Peiler, seeks to prove conception of the invention in issue and reduction to practice prior to the appellants. In this examination the question of diligence in reducing the invention to practice is involved. The appellee Honiss, an engineer, who was working with Peiler during the period in which it is said that the invention was conceived and reduced to practice, was being cross-examined, and refused to answer questions when asked, and to produce for the purpose of cross-examination a large number of documents, papers, books, reports, diaries, etc. He refused to answer and to produce the exhibits on the advice of counsel.

[1] A petition was filed in the District Court, under the authority of Revised Statutes, § 4906, as amended by the Act of Congress of February 18, 1922, § 7 (Comp. St. Ann. Supp. 1923, § 9451), and also by virtue of Revised Statutes, § 869 (Comp. St. § 1480), invoking the aid of the court to compel the witness to produce the documents and answer the questions specified in the petition. The District Court denied the application, stating that the denial was without prejudice to the petitioners making a motion for a subpœna duces tecum and offering the evidence on their own behalf. This appeal is from the order entered thereon. Section 4906 of the Revised Statutes (16 Stat. 204, as amended by Act Feb. 18, 1922, § 7) provides:

"The clerk of any court of the United States, for any district or territory wherein testimony is to be taken for use in any contested case pending in the Patent Office, shall, upon the application of any party thereto, or of his agent or attorney, issue a subpœna for any witness residing or being within such district or territory, commanding him to appear and testify before any officer in such district or territory authorized to take depositions and affidavits at any time and place in the subpœna stated. But no witness shall be required to attend at any place more than forty miles from the place where the subpœna is served upon him; and the provisions of section 869 of the Revised Statutes relating to the issuance of subpœnas duces tecum shall apply to contested cases in the Patent Office."

The right to invoke the aid of the court for a subpœna duces tecum is found in section 869 of the Revised Statutes (4 Stat. 199), and is as follows:

"*Subpoena Duces Tecum under a Dedimus Potestatem.* When either party in such suit applies to any judge of a United States court in such district or territory for a subpœna commanding the witness, therein to be named, to appear and testify before said commissioner, at the time and place to be stated in the subpœna, and to bring with him and produce to such commissioner any paper or writing or written instrument or book or other document, supposed to be in the possession or power of such witness, and to be described in the subpœna, such judge, on being satisfied by the affidavit of the person applying, or otherwise, that there is reason to believe that such paper, writing, written instrument, book, or other document is in the possession or power of the witness, and that the same, if produced, would be competent and material evidence for the party applying therefor, may order the

clerk of said court to issue such subpœna accordingly. And if the witness, after being served with such subpœna, fails to produce to the commissioner, at the time and place stated in the subpœna, any such paper, writing, written instrument, book, or other document, being in his possession or power, and described in the subpœna, and such failure is proved to the satisfaction of said judge, he may proceed to enforce obedience to said process of subpœna, or punish the disobedience in like manner as any court of the United States may proceed in case of disobedience to like process issued by such court. When any such paper, writing, written instrument, book, or other document is produced to such commissioner, he shall, at the cost of the party requiring the same, cause to be made a correct copy thereof, or of so much thereof as shall be required by either of the parties."

The petition prays for a writ commanding the production of the documents, not as evidence, but "for use by counsel for Tucker and Reeves on his cross-examination." The District Judge must be deemed to have denied the prayer for the production for this purpose as a matter of discretion. However, he reserved the right to the appellants to bring a petition for a subpœna duces tecum during their own time for taking testimony. Such right of review as we may have of that determination, must rest upon a finding that there was an abuse of discretion below. It is only in an extreme and extraordinary exercise of discretion that we will review the action of the District Judge. We fail to discover any wrongful exercise of discretion in respect of the matters here complained of. The mode of conducting trials, the order of introducing evidence, and the time when it is to be introduced, are properly matters belonging to the practice in the court below, or in the tribunal which the court below is asked to assist by granting a writ of subpœna. Phila. & Trenton R. R. v. Stimpson, 14 Pet. 448, 10 L. Ed. 535. There it was said:

"It seems to us, therefore, that all courts ought to be, as indeed they generally are, invested with a large discretion on this subject, to prevent the most mischievous consequences in the administration of justice to suitors; and we think that the Circuit Courts possess this discretion in as ample a manner as other judicial tribunals. We do not feel at liberty, therefore, to interfere with the exercise of this discretion. * * * It is sufficient for us, however, that it was a matter of discretion and practice, in respect to which we possess no authority to revise the decision of the Circuit Court."

See, also, Wilmoth v. Hamilton, 127 Fed. 48, 61 C. C. A. 584.

In Vacuum Cleaner Co. v. Platt, 196 Fed. 398, 116 C. C. A. 220, this court had presented to it a question of whether or not a subpœna duces tecum should issue in an infringement case and held that it was within the discretion of the lower ancillary court, and as such was not reviewable by mandamus.

[2] An order entered denying or granting a petition for a writ of subpœna under the statute may be the legitimate exertion of judicial authority in a case or controversy, but it is not of such finality as to make it reviewable here on appeal. In Commerce Commission v. Brimson, 154 U. S. 447, 155 U. S. 3, 14 Sup. Ct. 1125, 15 Sup. Ct. 19, 38 L. Ed. 1047, 39 L. Ed. 49, to which we are referred, a cause was pending before the Interstate Commerce Commission, and there was a final determination of the issues which were within the jurisdiction of the Commission. The Supreme Court had before it the question only whether, within the jurisdiction of the Circuit Court,

it could compel witnesses to appear and answer questions and produce books and documents, and it held that a review could be maintained in the Supreme Court. In Ellis v. Interstate Commerce Commission, 237 U. S. 434, 35 Sup. Ct. 645, 59 L. Ed. 1036, an appeal quite similar was taken and the Supreme Court said:

"This is an appeal from an order of the District Court, made upon a petition of the appellee, the Interstate Commerce Commission, filed under Act to Regulate Commerce, § 12 (24 Stat. 379, 383, c. 104). The order directs the appellant to answer certain questions propounded and to produce certain documents called for by the appellee. There is no doubt that this appeal lies. The order is not like one made to a witness before an examiner or on the stand in the course of a proceeding inter alios in court. Alexander v. United States, 201 U. S. 117. It is the end of a proceeding begun against the witness. Interstate Commerce Commission v. Baird, 194 U. S. 25. Therefore we pass at once to the statement of the case."

In the instant case it appears that the interference proceeding is still up for final determination by the Patent Office. Ordinarily a witness who is ordered to answer questions or produce documents, and wishes to test his right in that stand, may refuse to answer questions or produce the documents, and then await punishment in contempt for persisting in his refusal, and may then appeal from the order entered punishing him for contempt. In such case, the theory of the allowance of appeal from the order in such final form is deemed to be in vindication of the authority of the court, rather than remedial as between the parties. When such punitive order of contempt is entered against a witness, not a party to the suit, then and only then is the proceeding converted from an interlocutory matter in the main suit into a final matter as to the witness. In Alexander v. United States, 201 U. S. 117, 26 Sup. Ct. 356, 50 L. Ed. 686, a special examiner was appointed to take testimony in a suit under the anti-trust laws. At the instance of the United States, a subpœna duces tecum was issued against Alexander, who, upon the advice of counsel, refused to produce the documents demanded. An application was made by the United States in the District Court for an order requiring compliance with the subpœna duces tecum. He was ordered to produce his books. The Supreme Court said:

"In a certain sense, finality can be asserted of the orders under review; so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving to him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended there is an appeal. Let the court go further and punish the witness for contempt of its order, then arrives a right of review, and this is adequate for his protection, without unduly impeding the progress of the case."

See, also, Doyle v. London Guarantee & Accident Co., Ltd., 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. 641.

In Hultberg v. Anderson, 214 Fed. 349, 131 C. C. A. 125, the Seventh Circuit Court of Appeals had before it an appeal in a creditors' bill filed in the District Court, a special examiner had been appointed and was taking testimony when the appellant called one of the defendant's attorneys as a witness. The witness refused to answer

certain questions on the ground that he was privileged as an attorney. His refusal was certified by the examiner to the District Court, and the appellant sought relief of that court, so as to compel his answering. The witness on being recalled by the examiner, persisted in his refusal, whereupon he was cited for contempt. There, from an order entered denying the application to punish for contempt, it was said:

"The order appealed from not only constitutes a refusal to exercise the power to punish the witness for contempt, but has the effect of overruling the first order, on reconsideration of the application for intervention, and must be so construed."

It was there held that, such an order being purely remedial, as between the parties to the suit, it was in effect an interlocutory order, and not reviewable, except on appeal from the final decree. By the language of section 4905 of the Revised Statutes (Comp. St. § 9450), in a contested case pending in the Patent Office, the clerk of the District Court, where testimony is being taken for use in the proceeding, shall, upon the application of any party thereto, or his agent or attorney, issue a subpœna for any witness residing or being within such district. This affords a right to the contesting parties. And section 869 of the Revised Statutes supplements the granting of this right, so as to issue a subpœna duces tecum directing a witness to produce documents, books, etc., before any commissioner engaged in taking such testimony. It provides the method of doing so and the remedy for failure so to do. That remedy is:

"That he may proceed to enforce obedience to said process of subpœna, or punish the disobedience in like manner as any court of the United States may proceed in case of disobedience to like process issued by such court."

That such interlocutory or collateral orders are not final and are not appealable is now well established. Webster v. Cassatt, 207 U. S. 181, 28 Sup. Ct. 108, 52 L. Ed. 160; Doyle v. London, etc., Co., 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. 641. It is a duty of an auxiliary court to elicit and cause to be transmitted to the primary court, not only such evidence as it deems competent and material, but also that which it deems incompetent and immaterial, unless the witness or the evidence is privileged, or it clearly and affirmatively appears that the evidence cannot possibly be material or relevant. In no other way can the general rule of practice be made effectual, for, if the auxiliary court refuses to compel the production of testimony because it deems it immaterial or incompetent, and the appellate court should be of a different opinion, the latter court cannot consider the rejected evidence, and render a final decree remanding it for further proof, because the rejected evidence has not been elicited, and therefore cannot be presented to it. Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521; Dowagiac Mfg. Co. v. Lochren et al., 143 Fed. 211, 74 C. C. A. 341, 6 Ann. Cas. 573; In re Grove, 180 Fed. 62, 103 C. C. A. 416.

But there was no such denial by the court below in the instant case. The examination of the witness Honiss comprised approximately 109 questions on direct examination and 700 questions on cross-examina-

tion. It is apparent that the cross-examination has been unduly prolonged. This showing, addressed to the District Judge, may well have caused him to exercise his discretion against the appellants in denying the application for the subpœna in "aid of further cross-examination." The petition itself is very indefinite and general as to what is sought to be. produced. The questions asked are outside the scope of the direct examination. The record was produced before the District Judge, and from his decision it is apparent that he deemed the subject-matter sought to be elicited by further cross-examination one properly to be offered by the appellant when it offered its proof. Such matters have always been held to be within the discretion of the District Judge. Æolian Co. v. Standard Music Roll Co. (C. C.) 176 Fed. 811; Young v. Welch Mfg. Co. (D. C.) 201 Fed. 563.

Therefore we hold that the order entered was not a final order, and that no appeal may be taken to this court.

Appeal dismissed.