## Petition of ZENO.

(Circuit Court of Appeals, First Circuit.
August 5, 1926.)

No. 1992.

1. Courts ⬤⟹404—Circuit Court of Appeals may issue writ to compel inferior court to proceed to judgment which it has jurisdiction to review (Judicial Code, § 262 [Comp. St. § 1239]).

Under Judicial Code, § 262 (Comp. St. § 1239), a Circuit Court of Appeals, which would have appellate jurisdiction to review the judgment of an inferior court, has power, in aid of such jurisdiction, to issue a writ of mandamus to compel that court to take jurisdiction in a proper case and to proceed to judgment.

2. Landlord and tenant ⬤⟹291(18)—Giving of appeal bond by defendant held sufficient, under law of Porto Rico, to give Supreme Court jurisdiction of appeal. (Rev. St. and Codes Porto Rico, §§ 1636, 1639).

Under Unlawful Detainer Law of Porto Rico, Rev. St. and Codes Porto Rico, §§ 1636, 1639, which provide that, when the action is founded on nonpayment of amounts agreed on or of stipulated rentals, defendant, as a condition precedent to appeal, must deposit in court the amount due to date of judgment, and "in all other cases" must give bond to pay all damages and costs, an action founded only in part on nonpayment of rent, and in part on other alleged defaults, falls within the latter class and the giving of the bond is sufficient to give the appellate court jurisdiction.

3. Landlord and tenant ⬤⟹291(18).

Judgment of eviction *held* not, under facts, determinative as to amount due as rentals to be deposited as condition of appeal, in view of Rev. St. and Codes Porto Rico, §§ 1636, 1639.

4. Courts ⬤⟹405(2)—Construction of local statute by Supreme Court of Porto Rico held not binding on Circuit Court of Appeals, where it would deprive that court of its appellate jurisdiction.

That a judgment of the Supreme Court of Porto Rico, dismissing an appeal for want of jurisdiction, is based on its construction of a local statute does not make such construction binding on the Circuit Court of Appeals, where it would deprive that court of its appellate jurisdiction.

5. Courts ⬤⟹404.

Grounds for dismissal of appeal by Supreme Court of Porto Rico held reviewable on petition for mandamus.

Petition for Writ of Mandamus.

Petition of Rafael del Valle Zeno for writ of mandamus, directed to the Supreme Court of Porto Rico. Writ granted.

William Greenough, of New York City (Carroll G. Walter, of New York City, Henri Brown and Manuel Rodriguez Serra, both of San Juan, Porto Rico, on the brief), for petitioner.

Cornelius C. Webster, of New York City (Curtis, Mallet-Prevost, Colt & Mosle, of New York City, and Acuna & Janer, of San Juan, Porto Rico, on the brief), for intervener.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. On March 11, 1926, Rafael del Valle Zeno filed a petition in this court, praying that a rule issue directed to the Supreme Court of Porto Rico to show cause why a writ of mandamus should not issue, commanding it to reinstate the petitioner's appeal from the District Court of San Juan in a summary action of unlawful detainer, take jurisdiction of said action, and proceed to judgment on the merits, or, in the alternative, require said court to show cause why a writ of certiorari should not issue from this court directing said Supreme Court to return here all the proceedings on said appeal. On that day leave was granted to file the petition and a rule was entered requiring the Supreme Court to show cause.

It appears that on June 1, 1922, one Rossy leased to the petitioner a quarry for four years from that date at a rental of $100 per month plus 10 cents for each cubic meter of rock extracted in excess of 400 cubic meters and removed from the property each month, the rent to be paid within the first five days of the following month, and a voucher representing the quantity of rock on each truck or vehicle leaving the property was to be delivered to the lessor at the time the truck left. The lease also contained a right of renewal for a further term of four years at an increased rental.

August 7, 1924, the lessor brought the action of unlawful detainer in the District Court for San Juan in which he alleged in substance that the lessee had failed to furnish the vouchers as to the amount of rock quarried as provided in the lease; that he had failed to pay $51.42 of the rent for June, 1924, and also the total rent for July, 1924, due August 5. In his answer the lessee denied that he failed to furnish the vouchers, and alleged that the sum of $51.42 was credited by the lessee by order of the lessor to Sanchez Morales & Co., Inc., in two items, one of $26.42 on June 20, 1924, and the other of $25 on June 2, 1924, and as to the rent for the month of July alleged that it was at the disposal of the lessor on August 5, 1924, at the lessee's office in San Juan, and that, as the lessor did not come to collect it, the lessee sent the lessor a check for the amount due by mail on August 5, but that the lessor returned the check by

mail on the 11th of August after he had filed the action of unlawful detainer.

On November 23, 1925, the case was heard on the merits, and on December 29, 1925, the District Court rendered a judgment of eviction, based on an opinion that day filed embodying its findings of fact and rulings of law relating to the issues in controversy. In the opinion it was found (1) that the lessee did not deliver vouchers or tickets for each truck of stone that left the quarry as agreed, and that the contract was not complied with in this particular; (2) that on certain occasions the lessor gave the lessee orders to pay fixed amounts on account of installments of rent, and that the lessee executed the orders; that the lessor issued two drafts on the lessee in favor of Sanchez Morales & Co., dated May 15 and July 2, 1924, one for $26.42 and the other for $25, the first to be paid out of the rent for the month of June, and the second from the rent for the month of July; that Sanchez Morales & Co., on May 16, 1924, sent the drafts to the lessee for acceptance; that the lessee accepted them and said that they would be paid when due; that the lessee credited Sanchez Morales & Co. on his books with the sum of $51.42, and deducted that amount from the rental for the month of June, due July 5, 1924; that on August 7, 1924, the plaintiff took up the drafts from Sanchez Morales & Co. because the lessee had not paid them, although Sanchez Morales & Co. had not undertaken to collect them; and (3) that the lessee did not pay the rent for the month of July, 1924, on or before August 5, 1924, although it was demanded at his place of business on August 5, 1924, and that the rent for July was not mailed to the lessor until the afternoon of August 7, 1924, and that the lessor returned the check on August 9, 1924.

Having found the foregoing facts, the District Court further found and ruled: "(a) That the defendant failed to perform his obligation of delivering daily a voucher or ticket for each truck of stone that left the property of the plaintiff; (b) that the defendant did not pay and has not paid of the installment of rent for the month of June, 1924, the sum of $51.42 in accordance with the drafts that he accepted from the plaintiff; and (c) that the installment of rent for the month of July, 1924, was not paid by the defendant when it became due—that is, within the first five days of the month of August, 1924."

On January 4, 1926, the lessee, petitioner herein, filed a notice of appeal to the Supreme Court of Porto Rico and deposited with the clerk of the District Court the sum of $3,417.-67 as representing the amount of rent due under the lease to the date of the judgment (December 29, 1925), but not including the sum of $51.42. At the same time he filed an appeal bond, approved by the judge of the District Court, and on the 5th day of January, 1926, he deposited with the Secretary of the District Court the sum of $138, being the amount due on that date as rent for the month of December, 1925, and his appeal was allowed by the District Court.

February 1, 1926, the plaintiff (lessor) presented a motion to the Supreme Court for the dismissal of the appeal on the ground that the deposit of money made by the defendant (lessee) in prosecuting his appeal did not include the sum of $51.42, claiming that it was part of the installment of rent for the month of June, 1924, and should have been paid into court to perfect the appeal; and on February 15, 1926, the Supreme Court made the following order:

"Upon the motion of the appellee praying for the dismissal of the appeal, it having been alleged in the complaint as one of the grounds for the eviction the nonpayment of part of the lease installment corresponding to the month of June of 1924, and the court having found that such payment was not made in due form, the appeal must be, as it is, dismissed for failure to comply with what is expressly required by the Unlawful Detainer Act in order to appeal; such failure consisting in not depositing the said sum."

In the answer returned by the Supreme Court to the petition for mandamus it is stated, among other things, that the court dismissed the appeal for want of jurisdiction on the ground that the defendant lessee failed to deposit with the secretary of the court the sum of $51.42, that being a part of the rental for the month of June, 1924, as found by the District Court, as to which the defendant lessee was in default, and refused to pass upon the question whether it was rental or had ceased to be such, as to do so would involve, in part at least, a decision of the merits of the case.

The pertinent provisions of the Porto Rican law of unlawful detainer (Act March 9, 1905; Revised Statutes and Codes of Porto Rico, p. 316) are as follows:

"(1635) Sec. 11. Appeals should be taken within a period of five days after the date of the judgment.

"(1636) Sec. 12. Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal

unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal.

"(1637) Sec. 13. The appeal having been interposed in proper form, the secretaries of the courts and the stenographers, as the case may be, shall perform such duties as may be imposed upon them with respect thereto, within a period of five days computed from the date of the filing of the notice of appeal."

"(1639) Sec. 15. In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for the dismissal of the same in case the defendant fails to deposit in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due."

It is advanced in the answer of the Supreme Court, and contended by Rossy, lessor, that, if the action of unlawful detainer had proceeded to final judgment in the Supreme Court of Porto Rico, an appeal would not lie to this court, and, being without appellate jurisdiction, this court would not be authorized to issue a writ of mandamus. But section 128 of the Judicial Code, as amended by the Act of February 13, 1925 (Comp. St. § 1120), gives this court appellate jurisdiction to review by appeal or writ of error final decisions in the Supreme Court of Porto Rico "in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved" and also "in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings."

So far as the value of the matter here in controversy is concerned, it is specifically alleged in the petition that it exceeds $5,000, and it has been made to appear to us that, by the terms of the lease, the lessee has an option to extend the same for a further period of four years, and that in May of this year he specifically notified the lessor of his exercise of the option to extend the lease for four years more. These facts, taken in connection with other facts appearing in the case, make it more probable than otherwise that the jurisdictional amount is involved as alleged.

At any rate it does not clearly appear from the face of the record or by anything that has been brought to our attention that such is not the fact. Hayward v. Nordberg Mfg. Co., 85 F. 4, 29 C. C. A. 438.

[1] As the case, therefore, is one within the appellate jurisdiction of this court, it is authorized to issue a writ of mandamus in aid thereof. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Vacuum Cleaner Co. v. Platt, 196 F. 398, 400, 116 C. C. A. 220; In re Garrosi, 229 F. 363, 365, 143 C. C. A. 483; Barber Asphalt Paving Co. v. Morris, 132 F. 945, 952, 956, 66 C. C. A. 55, 67 L. R. A. 761; Judicial Code, § 262 (Comp. St. § 1239).

[2] Although the point does not appear to have been taken by counsel in their briefs, we are of the opinion that, where the action of unlawful detainer in which an appeal is taken is based, not only on defaults in the payment of rent, but upon other grounds of default as well, it falls within the class of cases referred to in section 12 of the statute as "all other cases," and that the requirements of the section are met, and the appeal perfected, if an applicant furnishes a bond satisfactory to the District Court to pay all the damages and costs of appeal; that in such case an appellant is not required, in order to perfect and maintain his appeal, to pay into court the rents found in default and such others as may have accrued prior to taking the appeal, as the bond is intended as security to cover the rents, as well as any other damages the appellee may suffer by reason of the delay occasioned in taking the appeal; that it is only when the breach which is the foundation of the action is a default in the payment of rents alone that the appellant is required to pay the rents due and to become due into court to perfect and maintain his appeal; and as the present suit was based on other defaults, as well as a default in the payment of rents, the appeal was properly perfected and can be maintained, the appellant having furnished a bond approved by the District Court to pay all damages and costs of appeal; and that for this reason the action of the Supreme Court in dismissing the appeal for want of jurisdiction was unauthorized.

While it is the purpose of the statute, as a condition of appeal, to afford security to the appellee (1) in the case of a default in the payment of rent, by requiring a deposit of the items of rent that have become due and not been paid, down to the taking of the appeal; and (2) in all other cases, by furnishing a bond for damages and costs, it was not the intention to require, as a condition of ap-

peal, the furnishing of double security by the payment into court of such rents and the furnishing of a bond to cover all damages and costs of appeal. An examination of the decisions of the Supreme Court of Porto Rico fails to disclose that it has ever passed upon this question. In the cases it has considered the complaint charged a single ground of forfeiture—that of failure to pay the stipulated price or rent agreed upon, or some other distinct ground of default. See Figueroa v. Sepulveda, 24 P. R. Rep. 645; Ramirez v. Perez, 25 P. R. Rep. 214; Barbosa v. Fernandez, 28 P. R. Rep. 283; Rivera v. Acosta, 28 P. R. Rep. 276. The Spanish Code of Civil Procedure, art. 1564, in force in Porto Rico in 1886 and down to the present act of 1905, only required an appellant to prove, to perfect his appeal, that he had "paid the rent due and that which, in accordance with the contract, he [was] to pay in advance, or that the amount of the same [had] been deposited * * * in court." It contained no provision for a bond for damages and costs as does the present act.

[3] But if in an action of unlawful detainer, based on other defaults, as well as defaults in rent, the furnishing of a proper bond is not all that is required to perfect and maintain an appeal, and in such case the rent also must be paid into court, the question arises whether the action of the Supreme Court in refusing to decide that the sum of $51.42 was or was not rent due and owing for the month of June (because it considered the District Court had found said sum was rent due and owing for that month), and dismissing the appeal for want of jurisdiction, was unauthorized and in violation of its duty.

It is apparent from sections 12 and 15 above quoted that, where the action of unlawful detainer is "founded upon the nonpayment of the amounts agreed upon" or is "commenced for nonpayment of the stipulated rentals," the defendant is required as a condition of the right of appeal to deposit in the first instance in the office of the secretary of the court the amount due as the price up to the date of judgment; and thereafter, under section 15, his appeal is subject to dismissal on motion of the plaintiff in case he has "failed to deposit in the office of the secretary of the court the amount of each and all installments under the lease as they become due."

It is also apparent that, where the action is founded upon the nonpayment of the amounts agreed upon, the statute contemplates that a failure so to pay shall exist at the time the action is brought, and that the

rentals made the basis of the judgment of eviction shall be paid into the office of the secretary of the court as a condition of the right of appeal, plus such other rentals as shall accrue and become due after the bringing of the action and down to the date of the judgment and the taking of the appeal; the latter rentals not having been made the basis of the judgment or in any way passed upon by the District Court.

It is further evident that, if the sum to be deposited with the secretary of the court included rents that accrued or became due subsequent to the bringing of the action of unlawful detainer, and the facts relating thereto were the same as pertained to the $51.42, it would have been the duty of the Supreme Court to determine whether that sum retained the character of rent or had ceased to be such, for the District Court would not, in such case, have passed upon the question by its judgment. It is true that in such case a determination of the question by the appellate court would not involve the merits of the action of unlawful detainer in whole or in part, and would only be material as bearing upon the jurisdiction of the court to entertain the appeal; but the mere fact that it might also involve in part the merits of the action of unlawful detainer would not seem to justify the conduct of the Supreme Court in refusing to pass upon the question, as a refusal to do so would involve a denial of its jurisdiction and the jurisdiction of this court.

Section 12 of the Unlawful Detainer Act, as to sums required to be deposited in court, makes no distinction between rents that became due prior to the bringing of the action of unlawful detainer and those that accrue and become due thereafter and prior to the date of the judgment or the taking of the appeal, and we think it was the duty of the Supreme Court to have decided whether the $51.42 was or was not rent before dismissing the appeal for want of jurisdiction, even though it may have involved a decision on the merits of one branch of the case.

[4] It is contended on behalf of Rossy that the construction to be placed upon the provisions of the Unlawful Detainer Act involves a question of local law peculiar to Porto Rico, and, the Supreme Court of Porto Rico having disposed of the matter in the way it has, this court should decline to pass upon the question, unless it is satisfied that the decision in the court below is clearly and manifestly wrong. It may be true that, where the amount in controversy in an action of unlawful detainer is such as not to be within the appel-

late jurisdiction of this court, the construction of the act would be a local question, within the meaning of the rule invoked. But we think that where the action, because of the amount in controversy, is within the appellate jurisdiction of this court, it is our duty to pass upon the question; that in such case it ceases to be a purely local question, and becomes one upon the determination of which the life of this court's jurisdiction depends.

The case of Ex parte Parker, 120 U. S. 737, 7 S. Ct. 767, 30 L. Ed. 818, was a petition addressed to the Supreme Court of the United States for a writ of mandamus to the Supreme Court of Washington Territory, directing that court to take jurisdiction of an appeal which it had declined to do. In the return made to the order to show cause it was stated that Timothy P. Denney brought a suit in equity against Hollon Parker and John F. Boyer in the district court of the territory; that a decree was entered in that court in favor of the plaintiff; that an appeal was taken by Hollon Parker to the Supreme Court of the territory, in which the defendant Boyer did not join, and no notice of the appeal was served upon him, nor did he waive service; that a large quantity of written testimony and a great number of attached papers were filed, the testimony being certified to by the referee before whom it was taken, and by the clerk of the district court to which it was returned; that the cause was docketed in the Supreme Court of the territory upon the appeal of Parker; that, Denney having died, Elizabeth Denney, his executrix, was substituted in his place as appellee, who moved to dismiss the appeal for the reasons: ·(1) That the copartners had not been joined in the appeal, and had not been served with any notice of the appeal; and (2) because the evidence had not been certified; that after argument the Supreme Court of the territory decided that the motion was well taken, and for want of jurisdiction directed that the appeal be dismissed, with costs. In other words, "it was adjudged against him [Parker] that he had not complied with the requisition of the law prescribing the conditions precedent to perfecting his appeal." It was there said:

"The Supreme Court refused to hear the cause and to decide it upon its merits, because it considered that the cause was not lawfully before the court; that the parties were not in court for the purposes of an appeal. This presents a case for the exercise of the jurisdiction of this court in mandamus according to the principles and practice applicable thereto. That writ properly lies in cases where the inferior court refuses to take jurisdiction, where by law it ought so to do, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof; but it will not lie to correct alleged errors occurring in the exercise of its judicial discretion within its jurisdiction. As was said in Ex parte Brown, 116 U. S. 401 [6 S. Ct. 387, 29 L. Ed. 676]: 'Mandamus lies to compel a court to take jurisdiction in a proper case, but not to control its discretion· while acting within its jurisdiction.' In that case the motion for the writ was denied, because the court below, having entertained jurisdiction of the cause, had dismissed it for want of due prosecution; that is to say, because errors had not been assigned in accordance with the rules of practice applicable to the form of the action, although the statement in the report does not sufficiently recite the facts from the record on which the opinion is based. In the present case the Supreme Court of Washington Territory, on consideration, decided that it could not legally exercise jurisdiction upon the appeal of the petitioner Parker. The question for our determination is whether that decision was in conformity with law."

The court then proceeded to a consideration of the grounds assigned by the court below for its refusal to exercise jurisdiction. It appeared that Parker, prior to taking his appeal, addressed a notice to his codefendant, Boyer, to the effect that he would on a certain day file a notice of appeal and stay bond and appeal the cause, and requested Boyer to join in the appeal; that Boyer acknowledged in writing service of the notice and declined to join in the appeal; that the Supreme Court of the territory held that this notice to Boyer was not a sufficient compliance with section 454, a statute of the territory relating to coparties on appeal, because it was a notice of an intention to appeal, and not a notice of the actual appeal. The language of section 454 (Code Wash. 1881) was:

"A part of several coparties may appeal or prosecute a writ of error; but in such case they must serve notice thereof upon all the other coparties and file the proof thereof with the clerk of the Supreme Court."

The Supreme Court of the United States held that the notice served upon Boyer "was a notice of a present intention to appeal, with a request to Boyer, as codefendant, to join in it," and that the statute was effectually complied with. It then proceeded to consider whether the whole of the evidence had been certified to the Supreme Court of the territory, and, having reached the conclusion that all the evidence introduced by the parties in

the court below had been duly certified, it concluded that "Parker's appeal had been duly taken and perfected, and the cause had been properly transferred from the district to the Supreme Court of the territory, and that the latter, having acquired jurisdiction thereof, should have proceeded in the exercise of its jurisdiction to hear and determine the same upon its merits," and for failure to do so it directed that mandamus issue.

Hollon Parker, Petitioner, 131 U. S. 221, 9 S. Ct. 708, 33 L. Ed. 123, was a petition for mandamus. There the Supreme Court of the territory dismissed an appeal, it being held that the appeal had not been properly taken from the lower court. In that case, as in the previous one, the Supreme Court of the United States reviewed the question, the determination of which was essential to jurisdiction, and held that the appeal had been properly taken, and that the Supreme Court of the territory had refuse to take jurisdiction when by law it ought to do so.

[5] It would also seem that the decision of the Supreme Court of Porto Rico dismissing the appeal on the ground that it had not been properly perfected in the lower court was not a final decision in which a writ of error or appeal would lie to this court (Harrington v. Holler, 111 U. S. 796, 4 S. Ct. 697, 28 L. Ed. 602), and that, unless the reasons actuating the Supreme Court of Porto Rico in the dismissal of the appeal may be reconsidered here on this petition, the petitioner is without redress.

We therefore proceed to consider whether the Supreme Court had jurisdiction of the cause and should have considered the case on its merits, assuming that, if the $51.42 was rent due, it should have been paid into court in order to perfect the appeal and confer jurisdiction upon the appellate court. The question then is whether, on the facts presented by the record, the sum of $51.42 had ceased to be due and owing to the appellee as rent under the lease, so that the appellant was not required to pay it into court to perfect his appeal and confer jurisdiction upon the Supreme Court.

The Supreme Court in its answer states that "the district court of San Juan decided that the $51.42 was due and payable as rent." We do not think this is so. So far as the record discloses what the District Court decided, after finding the facts heretofore set out, was that of the rent for the month of June the

defendant has not paid the sum of $51.42 *in accordance with the drafts that he accepted from the plaintiff*. This ruling or finding, taken in connection with the previous findings, was in substance that the defendant lessee had accepted two drafts given by the plaintiff lessor to Sanchez Morales & Co., amounting to $51.42, and was to reimburse himself therefor by deducting the same out of the rent that had accrued for the month of June, and that became due July 5, and that the defendant had not paid the $51.42 *in accordance with the drafts* that he had accepted. The district court found that the reason he had not paid them was that Sanchez Morales & Co. had done nothing in the way of undertaking to collect them; that is, if the drafts were payable at the domicile of the acceptor or at a different place, they had not been presented at either place for payment. The acceptor (lessee), therefore, was not in default as to the drafts, and, because of the failure of Sanchez Morales & Co. seasonably to present them for payment, the liability of the drawer (lessor) to pay them had ceased according to article 470 of the Code of Commerce of Porto Rico, although the liability of the acceptor to Sanchez Morales & Co. continued.

Furthermore the facts disclose a complete novation wherein Rossy discharged the acceptor, del Valle, as to the $51.42 of the rent due July 5, 1924, and del Valle became bound in that sum to Sanchez Morales & Co. (to whom Rossy had given the drafts in a business transaction) upon the drafts which he had accepted. The subsequent purchase of the drafts by Rossy from Sanchez Morales & Co. did not render del Valle liable to him for $51.42 as rent or establish a default under the lease.

As it appears that at the time of taking the appeal a suitable bond was furnished to cover damages and costs of appeal and that all rents due and owing at the time of taking the appeal had been deposited in the office of the secretary of the court, it follows that del Valle's appeal had been duly taken and perfected and the cause had been properly transferred from the District Court of San Juan to the Supreme Court of Porto Rico, and that the latter, having acquired jurisdiction thereof, should have proceeded to exercise its jurisdiction to hear and determine the same on its merits. For failure to do so the writ of mandamus must issue.

It is accordingly so ordered.