## MELCHIOR-ARMSTRONG-DESSAU CO. OF DELAWARE, Inc., v. BANCO COMERCIAL DE PUERTO RICO et al.

Circuit Court of Appeals, First Circuit.
December 2, 1927.

No. 2149.

Courts ⬉405(12)—Order of Supreme Court of Porto Rico, dismissing appeal for lack of parties, held not appealable; final judgment (Jones Act March 2, 1917, § 43 [48 USCA § 865]).

Order of Supreme Court of Porto Rico, dismissing an appeal for lack of parties, is not "final judgment" or decree, reviewable by Circuit Court of Appeals under Jones Act March 2, 1917, § 43 (48 USCA § 865 [Comp. St. § 3803rr]).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from Supreme Court of Porto Rico.

Suit by the Melchior-Armstrong-Dessau Company of Delaware, Inc., against the Banco Comercial de Puerto Rico and others. Plaintiff appeals from an order of the Supreme Court of Porto Rico, dismissing its appeal. Appeal dismissed for want of jurisdiction.

Henry G. Molina, of San Juan, Porto Rico, for appellant.

Francis E. Neagle, of New York City (Rounds, Dillingham, Mead & Neagle, of New York City, on the brief) for appellee Banco Comercial de Puerto Rico.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The present appellant's appeal from a final judgment against it by the district court of Arecibo was dismissed by the Supreme Court of Porto Rico on the single ground that Central Bayaney was an adverse party and should have been joined as an appellee.

On November 18, 1920, Central Bayaney made a mortgage to the appellee (herein called the bank) to secure about $200,000. (Round and approximate figures will be used in this opinion.) On February 25, 1921, Central Bayaney gave a second mortgage on the same property to secure $42,500, due appellant's predecessor in title. The bank, as least in form, foreclosed its first mortgage; bought in the property for some $75,000 less than the face of its mortgage; and then transferred it, subject to a mortgage, to the other defendant, Giorgetti. After this alleged foreclosure and sale, the appellant brought, on December 14, 1923, a suit against the bank and Giorgetti, described in the opinion of the District Court as "an action to recover on a mortgage," but in the opinion of the Supreme Court described as "an ordinary action of debt."

Originally the appellant did not join Central Bayaney as a party defendant; but as a result of an order on demurrers for lack of proper parties, Central Bayaney was, by an amended petition, joined as a party defendant—appellant adding an allegation to the effect that on March 6, 1923, Central Bayaney was adjudged bankrupt and Francisco Garcia duly appointed as trustee. No answer was filed by Garcia or Central Bayaney, and on plaintiff's motion a default against the defendant Central Bayaney was entered on May 15, 1924. No exception was saved or appeal taken from the order of the district court that Central Bayaney be made a party.

After a full trial the district court of Arecibo held for the defendant and dismissed the complaint. No judgment was ever entered against Central Bayaney, the debtor. The appellant thereupon appealed to the Supreme Court, but did not join Central Bayaney as an appellee, or cause any notice to be served on it or on its trustee in bankruptcy. Thereupon, on motion, the Supreme Court dismissed the appeal, without considering the case on its merits, holding that Central Bayaney was an adverse party and should have been brought before that court.

Summarized, the plaintiff's claims were:

(1) That the foreclosure proceedings on the first mortgage were invalid in that the second mortgagee was not joined.

(2) That this alleged invalidity results in giving the second mortgagee a first lien on the mortgaged property, entitling it, as against the bank and the bank's grantee, to payment out of the mortgaged property.

(3) The gist of the plaintiff's argument is that the proceeding is in essence an in rem proceeding against property applicable to

the payment of its debt and now held by the two defendants.

We do not discuss the obviously great difficulties of supporting the plaintiff's theory that an invalidity in the foreclosure proceedings of the first mortgage killed that mortgage, instead of merely requiring new and valid foreclosure proceedings, and thus transmuted a second mortgage into a first lien; for we are driven to the conclusion that we have no jurisdiction on this appeal to require the Supreme Court of Porto Rico to consider plaintiff's appeal on its merits.

The jurisdiction of this court is grounded on section 865, tit. 48, of the U. S. Code—section 43 of the Jones Act of March 2, 1917; 39 Stat. p. 966—which reads:

"That writs of error and appeals from the final judgments and decrees of the Supreme Court of Porto Rico may be taken and prosecuted to the Circuit Court of Appeals for the First Circuit and to the Supreme Court of the United States, as now provided by law."

The order of the Supreme Court of Porto Rico dismissing for lack of parties was not a final judgment or decree within the meaning of this statute; it was a refusal to hear and decide the case. This was in effect recognized by this court in Petition of Zeno, 14 F.(2d) 418, 423. The case falls under the rule laid down by the Supreme Court of the United States in Harriman v. Holler, 111 U. S. 796, 4 S. Ct. 697, 28 L. Ed. 602; Railroad Co. v. Wiswall, 23 Wall. 507, 23 L. Ed. 103; Insurance Co. v. Comstock, 16 Wall. 258, 21 L. Ed. 493.

The result is that the present appeal must be dismissed for want of jurisdiction.

The appeal is dismissed, without costs.