UNITED STATES on behalf of LEHIGH VALLEY R. CO. et al. v. GOVERNMENT OF GERMANY.

No. 2987.

District Court, E. D. New York.

Aug. 7, 1933.

98

Katz & Sommerich, of New York City (Otto C. Sommerich, of New York City, of counsel), for the motion.

Robert W. Bonynge, Agent for the United States, of New York City, and H. H. Martin, Asst. Counsel to the Agent, Mixed Claims Commission, of Washington, D. C., opposed.

CAMPBELL, District Judge.

This is a motion for an order vacating and setting aside the order of this court dated the 27th day of June, 1933, and the subpœnas issued thereon, and why the petitioners should not have such other and further relief in the premises as it may deem proper.

This motion comes before the court on an order to show cause dated July 25, 1933, which stayed all proceedings under the order of June 27, 1933, and subpœnas until the hearing and determination of this motion and the entry of an order thereon.

On June 27, 1933, Robert W. Bonynge, as agent of the United States before the Mixed Claims Commission, United States and Germany (42 Stat. 2200), applied under authority of the Act of June 7, 1933 (Pub. No. 31, 73d Cong. [22 USCA §§ 270d–270g]), for subpœnas directed to John Qualters, Horace Qualters, and Rose Qualters, the petitioners, and another, requiring each and all of them to appear with certain papers and submit to examination.

On June 27, 1933, the court issued the order sought, appointing the United States commissioner to take the evidence, and requiring the clerk of this court to issue subpœnas to the witnesses accordingly. The applicant was ordered to give reasonable notice of the times and places of taking said testimony to the German agent before said commission, and the clerk of this court was ordered to forward to said German agent a certified transcript of the testimony taken.

The subpœna was issued returnable July 26, 1933.

So much of the Act of June 7, 1933 (Pub. No. 31, 73d Cong.), which amended the Act of July 3, 1930 (46 Stat. 1005), as is necessary for consideration herein, reads as follows:

"Sec. 5. That the agent of the United States before any international tribunal or commission, whether previously or hereafter established, in which the United States participates as a party whenever he desires to obtain testimony or the production of books and papers by witnesses may apply to the United States district court for the district in which such witness or witnesses reside or may be found, for the issuance of subpœnas to require their attendance and testimony before the United States district court for that district and the production therein of books and papers, relating to any matter or claim in which the United States on its own behalf or on behalf of any of its nationals is concerned as a party claimant or respondent before such international tribunal or commission.

"Sec. 6. That any United States district court to which such application shall be made shall have authority to issue or cause to be issued such subpœnas upon the same terms as are applicable to the issuance of subpœnas in suits pending in the United States district court, and the clerk thereof shall have authority to administer oaths respecting testimony given therein, and the marshal thereof shall serve such subpœnas upon the person or persons to whom they are directed." (22 USCA §§ 270d, 270e).

In a similar proceeding where the subpœna was directed to and served upon another person in the District Court of the United States for the Northern District, Eastern Division of Ohio, Judge West, on July 17, 1933, rendered an extended opinion[1] denying the motion to vacate the subpœna and requiring the witness to appear and answer.

As the questions presented on this motion

---

[1] Not for publication.

are substantially the same as on that motion, I might rest my decision on that opinion, with which I am generally in accord, and, as the questions appear to have been presented here somewhat differently, although in substance the same, and in different order, I will briefly rule on each objection presented.

In view of the provisions of section 6 of the act, supra, conferring authority upon the District Court "to issue or cause to be issued such subpœnas upon the same terms as are applicable to the issuance of subpœnas in suits pending in the United States district court," the petitioners have no right to raise many, if any, of the objections presented.

██ The objection of the petitioners that, since these claims have been three times dismissed, and since there has been no ruling on the part of the Commission that it will entertain the petition for rehearing, there is no claim pending, and no claim in which the United States is concerned as a party claimant, is not sustained.

The act authorizes the issuance of the subpœna when the desired evidence will "relate to any matter or claim in which the United States * * * is concerned as a party claimant or respondent before such * * * commission."

While it is true that there have been two previous petitions for a rehearing which have been denied, the evidence offered was considered, and there has been no decision that the Commission has no authority to grant a rehearing.

On May 4, 1933, a petition for a rehearing was filed, which was accepted by the American joint secretary and refused by the German joint secretary. That petition reserved the right to complete evidence in support thereof.

The object of the act in question was to make possible the securing of such evidence, and the reservation in the petition for a rehearing was to hold the matter open until the passage of an act to make possible securing such evidence.

██ The objection of the petitioners that the agreement under which this arbitral commission was created, and the rules enacted under it not providing for any rehearings without the consent of both sovereigns, the Commission has no power to grant a rehearing, is not sustained.

Whether the Commission will or will not grant a rehearing is a matter for them, and not for this court, to determine.

██ The fact remains that the evidence in question is desired to secure a rehearing of the claim. If the German government was raising this question, the situation would be different, but it is not being raised by a party, but only by those called as witnesses, and is a question they have no right to raise, as they are not concerned with the result.

██ The objection of the petitioners that, the German joint secretary having refused to receive the petition for rehearing, the petition therefore not having been filed, the claims attempted to be reheard are not pending, is not sustained.

Rule 7 of the Commission's Rules, which relates to the filing of documents filed subsequently to the original docketing, provides that the joint secretaries shall "(d) Endorse on each document presented to the commission the date of filing, and enter a minute thereof in the docket."

The joint secretaries are under the control of the commissioners, and it is not within the power of the secretaries to determine what documents are to be filed. The petition, having been properly presented, is pending.

██ The objection of the petitioners that, there being nothing in the petition showing the materiality of the testimony of the witnesses, the petition upon which the order was granted is jurisdictionally defective, and consequently the witnesses are justified in raising this objection, is not sustained.

The act contains no such limitation. The objection is not one to be raised by a witness. Blair v. United States, 250 U. S. 273, 39 S. Ct. 468, 63 L. Ed. 979; Bevan v. Krieger, 289 U. S. 459, 53 S. Ct. 661, 77 L. Ed. 1316 (May 22, 1933).

The description of the documents to be produced under the subpœnas duces tecum shows their materiality as they are limited to those "relating directly or indirectly to the above entitled claims," the claims in question.

██ The objection of the petitioners that, federal courts owing their existence to the Constitution of the United States, their jurisdiction must be found therein, that neither article 3, section 1, nor article 3, section 2, of the Constitution, authorizes Congress to grant jurisdiction to federal District Courts to take unlimited testimony, whether material or not, in aid of an international tribunal, whose existence and jurisdiction are created by treaty, is not sustained.

A petition for a rehearing is pending before the Commission, a tribunal which has

power to render a final decision in a controversy to which the United States is a party, and which Commission was created in consequence of a treaty.

By article 3, § 1, the judicial power extends to controversies to which the United States is a party, and to cases arising under treaties made under its authority.

The following cases cited by petitioners are not in point: In re Pacific Railway Commission (C. C.) 32 F. 241; Ellis v. Interstate Commerce Commission, 237 U. S. 434, 35 S. Ct. 645, 59 L. Ed. 1036; Federal Trade Commission v. P. Lorillard Co., and Federal Trade Commission v. American Tobacco Co., Inc. (D. C.) 283 F. 999, affirmed 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786.

Whatever force there might have been to the petitioners' argument before the decision of the Supreme Court in Interstate Commerce Commission v. Brimson, 154 U. S. 447, 14 S. Ct. 1125, 38 L. Ed. 1047, in that case similar legislation was upheld in enforcement of proceedings before the Interstate Commerce Commission.

Since that case legislation of a similar character has been applied relating to proceedings before the Commissioner of Internal Revenue, Brownson v. United States (C. C. A.) 32 F.(2d) 844, and to proceedings in the Patent Office, Tucker v. Peiler (C. C. A.) 297 F. 570.

■ The objection of the petitioners that, the petition for rehearing not having been entertained by the Commission, and no answer having been filed, the present examination is a fishing expedition, and therefore not warranted, is not sustained.

This is not an objection which can be raised by the petitioners as a witness. There is a claim of the United States on which there has been filed a petition for a rehearing.

Such rehearing, if one be granted, will only be granted on evidence taken other than orally before the Commission, and that is the evidence sought here; the places where the damage occurred are known, and it is information as to them that is desired.

Whether the petitioners were entitled to move to vacate the order and subpœna requiring them to appear seems to me to require no further extended consideration, as they have moved, and all of their objections have been considered and overruled.

It is, however, my opinion that the objections here urged should be urged by a party and not by witnesses; and these petitioners, so far as the papers herein disclose, are disinterested witnesses in a controversy between other parties. The allegation of inconvenience can have no weight, and there is nothing in the papers to show that they will be involved in undesirable publicity.

■■ The witness will have a right to refuse to answer questions on any grounds on which a witness may refuse on a trial or hearing or taking of a deposition, and it will not be until such refusal and on a proceeding to punish for contempt that the matter will become personal to the witness, and the decision thereon final and appealable.

The question of whether an appeal will be allowed from the order to be entered hereon is premature.

There is no attempt on the part of the agent of the United States before the Commission, in this proceeding, nor does the act in question attempt, to regulate the method of taking testimony before the Commission, or its rules, and certainly not the action of the Commission on the petition for rehearing. The purpose of the act and this proceeding is to furnish to the agent of the United States a means of compelling unwilling witnesses to testify and produce documents.

The objections here presented are raised by the attorneys for the petitioners, who represent them only, and are not raised by the German government, the other party to the controversy with the United States.

The order to show cause is discharged, and the motion made thereon is denied, and, as the time for the giving of the petitioners' testimony has expired, each and all of the petitioners, John Qualters, Rose Qualters, and Horace Qualters, are required to appear before the United States commissioner named in the order of June 27, 1933, for that purpose, on August 16, 1933, at 10 o'clock in the forenoon.

Said order of June 27, 1933, in all other respects stands as the order of the court, and the subpœnas likewise.

Submit order.